J-S56039-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BASIL SALEEM GARCIA, | |
| Appellant | No. 498 MDA 2014 |

Appeal from the Judgment of Sentence November 22, 2013
in the Court of Common Pleas of Lycoming County
Criminal Division at No.: CP-41-CR-0000357-2012

BEFORE:  PANELLA, J., WECHT, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                **FILED OCTOBER 07, 2014**

Appellant, Basil Saleem Garcia, appeals from the judgment of sentence imposed following his jury conviction of fleeing or attempting to elude a police officer, unauthorized use of automobiles and other vehicles, tampering with or fabricating physical evidence, criminal mischief, receiving stolen property (firearm), firearms not to be carried without a license, possession of a controlled substance, and possession of drug paraphernalia.[1] Specifically, Appellant challenges the sufficiency of the evidence to support his convictions for receiving stolen property (firearm) and firearms not to be carried without a license.  We affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. § 3733(a); 18 Pa.C.S.A. §§ 3928(a), 4910(1), 3304(a)(1), 3925(a), 6106(a)(1); 35  P.S. §§ 780-113(a)(16) and (a)(32), respectively.

On January 15, 2012, Jennifer Colon stole a red Dodge truck from Dennis Mullinger, who reported the vehicle stolen to police. Ms. Colon then sold the stolen truck to Appellant in exchange for a $50.00 bag of crack cocaine. Officer Jason Dockey of the Williamsport Bureau of Police, while on routine patrol in a marked patrol car, observed Appellant driving the truck and he ran the vehicle's license plate to confirm that it had been stolen. Officer Dockey activated his emergency lights and sirens, and Appellant accelerated, leading officers in a high-speed chase during which he ran numerous stop signs and drove at speeds in excess of eighty miles per hour. Appellant eventually lost control of the truck and jumped out of it while it was still moving. He fled on foot and the vehicle struck a tree. Police officers pursued Appellant and Officer Jeremy Brown observed him throw a bag of crack cocaine to the ground. Police arrested Appellant and, during the search incident to arrest, found a yellow sheet of paper on his person listing prices for cocaine and heroin at various quantities, and the names, addresses and phone numbers of various individuals.

On January 16, 2012, police searched Mr. Mullinger's truck and found a small loaded handgun and a blunt cigar in an open compartment built into the front passenger-side door. Police traced the gun's serial number to Jason Philbin, who advised that the gun had been stolen from his home within the last three months. Crime laboratory test results showed a mixture of Appellant's and two other male individuals' DNA on the handgun.

On April 23, 2013, following a two-day trial, a jury found Appellant guilty of the above-stated offenses. The court held a sentencing hearing on November 14, 2013, at which the parties discussed the appropriate structure for Appellant's individual sentences and the court stated its intention to sentence Appellant to an aggregate term of sixty-nine to 138 months' incarceration.[2] On November 22, 2013, the court filed a sentencing order imposing an aggregate term of sixty-nine to 138 months' incarceration. (*See* Order, 11/22/13, at 2). On February 19, 2014, after hearing argument, the court entered an order and opinion denying Appellant's post-sentence motion. (*See* Order, 2/19/14, at 1); *see also* Pa.R.Crim.P. 720(B)(3)(d). This timely appeal followed.[3]

Appellant raises one issue for our review: "Whether the evidence presented at trial was sufficient to support the jury's verdict of guilt beyond a reasonable doubt on counts [sic] 16, firearms not to be carried without a

_____

[2] The notes of testimony from this hearing are not included in the certified record. We observe that the trial court apparently deferred sentencing until its order dated November 14, 2013 was filed on November 22, 2013. We note that the Commonwealth does not challenge the timeliness of Appellant's post-sentence motion. (*See* Commonwealth's Brief, at 6). Accordingly, we give Appellant the benefit of the doubt and deem his post-sentence motion timely filed.

[3] Pursuant to the trial court's order, Appellant timely filed a Rule 1925(b) statement of errors on April 17, 2014. The trial court filed a Rule 1925(a) opinion on May 19, 2014, in which it referred this Court to its order and opinion entered February 19, 2014. *See* Pa.R.A.P. 1925.

license and count 14, receiving stolen property (firearm)?" (Appellant's Brief, at 6). This issue is waived and would not merit relief.

We address challenges to the sufficiency of the evidence under the following standard of review:

> [W]hether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Jannett***, 58 A.3d 818, 819-20 (Pa. Super. 2012) (citations omitted).

However, because Appellant has failed to preserve his issue properly in his Pennsylvania Rule of Appellate Procedure 1925(b) concise statement, it is waived. This Court has held:

> when challenging the sufficiency of the evidence on appeal, the Appellant's 1925[(b)] statement must specify the element or elements upon which the evidence was insufficient in order to preserve the issue for appeal. Such specificity is of particular importance in cases where, as here, the Appellant was convicted of multiple crimes each of which contains numerous elements

that the Commonwealth must prove beyond a reasonable doubt. Here, Appellant . . . failed to specify which elements he was challenging in his [Rule] 1925[(b)] statement . . . . While the trial court did address the topic of sufficiency in its opinion, we have held that this is of no moment to our analysis because we apply Pa.R.A.P. 1925(b) in a predictable, uniform fashion, not in a selective manner dependent on [a party's] argument or a trial court's choice to address an unpreserved claim.

*Commonwealth v. Gibbs*, 981 A.2d 274, 281 (Pa. Super. 2009), *appeal denied*, 3 A.3d 670 (Pa. 2010) (citations and quotation marks omitted).

Here, Appellant challenges the sufficiency of the evidence supporting the jury's guilty verdicts for firearms not to be carried without a license and receiving stolen property (the handgun). (*See* Appellant's Brief, at 16-18). However, Appellant's Rule 1925(b) statement does not identify which elements of the crimes the Commonwealth allegedly failed to prove. (*See* Concise Statement, 4/17/14, at 1). Instead, his statement merely presents the same generic issue that he raises in his Statement of Questions Involved, specifically: "Whether the evidence presented at trial was sufficient to support the jury's verdict of guilt beyond a reasonable doubt on Counts [sic] 16, Firearms Not to be Carried Without a License and Count 14, Receiving Stolen Property (firearm)?" (*Id.*). Accordingly, we conclude that Appellant's challenge to the sufficiency of the evidence waived. *See Gibbs*, *supra* at 281; *see also Commonwealth v. Garland*, 63 A.3d 339, 344 (Pa. Super. 2013) (determining that appellant waived his sufficiency claim where his "Pa.R.A.P. 1925(b) statement simply provided a generic statement

- 5 -

stating '[t]he evidence was legally insufficient to support the convictions'") (record citation omitted).

Moreover, even if Appellant's sufficiency claim were not waived, it would still not merit relief. Appellant argues that the evidence was insufficient to support his convictions related to the handgun police found in Mr. Mullinger's truck because the Commonwealth failed to show that Appellant was in knowing possession of it. (*See* Appellant's Brief, at 16). Appellant asserts that he was not aware that the handgun was in the passenger-side door of the truck, and that he merely was using the vehicle. (*See id.* at 17). While Appellant acknowledges that the Commonwealth's evidence showed the presence of his and two other male individuals' DNA on the gun, he contends that, while entering the truck, "[he] may have inadvertently come into contact with the pistol such that he left traces of DNA on the weapon secreted in the door[.]" (*Id.* at 18; *see id.* at 17). This issue would not merit relief.

The Crimes Code defines the offense of firearms not to be carried without a license, in relevant part, as follows:

**(a) Offense defined.—**

>  (1) Except as provided in paragraph (2), any person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree.

18 Pa.C.S.A. § 6106(a)(1).

To convict a defendant of this offense, the Commonwealth must prove: "(a) that the weapon was a firearm, (b) that the firearm was unlicensed, and (c) that where the firearm was concealed on or about the person, it was outside his home or place of business." ***Commonwealth v. Coto***, 932 A.2d 933, 939 (Pa. Super. 2007), *appeal denied*, 948 A.2d 802 (Pa. 2008) (citation omitted).

The Crimes Code defines the offense of receiving stolen property as follows:

> **(a) Offense defined.**—A person is guilty of theft if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner.
>
> **(b) Definition.**—As used in this section the word "receiving" means acquiring possession, control or title, or lending on the security of the property.

18 Pa.C.S.A. § 3925.

A receiving stolen property conviction requires proof of: "(1) intentionally acquiring possession, control or title, retaining, disposing, or lending on the security of movable property of another; (2) with knowledge or belief that it was probably stolen; and (3) intent to deprive permanently." ***Commonwealth v. Young***, 35 A.3d 54, 63 (Pa. Super. 2011), *appeal denied*, 48 A.3d 1249 (Pa. 2012) (citations omitted).

> [Where an a]ppellant was not in physical possession of the contraband, the Commonwealth [is] required to establish that he

- 7 -

had constructive possession of the seized items to support his convictions.

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.

*Commonwealth v. Hopkins*, 67 A.3d 817, 820 (Pa. Super. 2013), *appeal denied*, 78 A.3d 1090 (Pa. 2013) (citations omitted).

Here, at Appellant's trial, Mr. Mullinger testified that the handgun and blunt cigar police found in his truck did not belong to him, and that he had never seen Jennifer Colon with a gun. (*See* N.T. Trial, 4/22/13, at 65, 68). Ms. Colon testified that, before she sold the truck to Appellant in exchange for crack cocaine, she looked inside of the vehicle to see if it contained anything that she could sell. (*See id.* at 78). She testified that she did not leave a gun or a cigar in the truck, and that if there had been a gun in the vehicle, she would have sold it for drugs. (*See id.* at 79-80). Ms. Colon stated that Appellant owned a gun that he nicknamed "little bisket," and that she had seen him with cigars similar to those found in the truck. (*Id.* at 80; *see id.* at 77, 89). The Commonwealth's expert witness, Joseph Kukosky, a

forensic DNA scientist, testified that test results showed the presence of Appellant's DNA on the gun.[4]  (***See id.*** at 154, 158, 167-68, 172, 174).  Mr. Kukosky opined that Appellant would have had to touch the gun in order for his DNA to be on it, because it is very difficult to develop a DNA profile from an object that has not been touched.  (***See id.*** at 175, 177).  Officer Brown testified that individuals involved in the drug business commonly carry firearms to protect themselves.  (***See id.*** at 134, 144).

Appellant testified in his defense and stated that Ms. Colon let him borrow the truck to go to a store.  (***See*** N.T. Appellant's Trial Testimony, 4/23/13, at 4-5).  He explained that he fled from police when they attempted to stop him because he was on strict probation and did not want to be sent to state prison for driving without a license.  (***See id.*** at 6-8, 18).  Appellant further testified that he did not know that there was a firearm in the truck, and that he never touched the handgun.  (***See id.*** at 9).

Based on the foregoing, viewing the evidence in the light most favorable to the Commonwealth, ***see Jannett***, ***supra*** at 819, we would conclude that the evidence is sufficient to support the jury's finding that Appellant possessed the handgun and to sustain his convictions for firearms not to be carried without a license and receiving stolen property.  The jury

_____

[4] Specifically, Mr. Kukosky stated that it was 140 million, 5.5 million, and 7 million times more likely that Appellant's DNA was on the gun when compared to the Caucasian, African-American, and Hispanic populations, respectively.  (***See*** N.T. Trial, 4/22/13, at 168, 172, 179).

did not credit Appellant's version of events, and it was within its province as fact-finder to assess the credibility of the witnesses and accept all, part, or none of the evidence. *See id.* at 820. Accordingly, Appellant's challenge to the sufficiency of the evidence would not merit relief even if it were not waived.

Judgment of sentence affirmed.

Judgment Entered.



Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/7/2014