J-S49037-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES MILAS | |
| Appellant | No. 10 EDA 2014 |

Appeal from the PCRA Order entered November 26, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0000942-2009

BEFORE:  OLSON, OTT, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED OCTOBER 14, 2014**

Appellant James Milas *pro se* appeals from an order of the Court of Common Pleas of Philadelphia County (PCRA court), which dismissed without a hearing his request for collateral relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-46.  For the reasons set forth below, we affirm.

The facts and procedural history underlying this appeal are undisputed.  As we recounted on direct appeal:

> This case stems from an incident on June 10, 2008.  Appellant's sister, as well as his eventual victim, were engaged in an argument.  Appellant's sister left angrily and informed the victim that she would be going to get Appellant, her 25-year-old brother.  Shortly thereafter, Appellant appeared with a firearm. The victim suggested that Appellant put down his gun and engage him in fisticuffs.  Instead, Appellant fired his weapon several times, shot the victim in the back, and left.  Several eyewitnesses observed the shooting.  When police arrived at Appellant's girlfriend's residence later that evening[,] Appellant fled, running up the stairs of the home and descending from a second-story window.  He then fled to his mother's house, where he was apprehended while attempting to gain admittance.  A jury trial was held on April 13, 2010, and Appellant was

convicted of first-degree murder and related crimes. Appellant was sentenced on April 16, 2010.[1]

***Commonwealth v. Milas***, 32 A.3d 266, 2454 EDA 2010 (Pa. Super. filed July 12, 2011) (unpublished memorandum). Appellant then appealed to this Court. We ultimately affirmed the trial court's judgment of sentence. ***Id.*** Following our affirmance, Appellant petitioned our Supreme Court for allowance of appeal, which the court denied. ***Commonwealth v. Milas***, 37 A.3d 1195 (Pa. 2012).

On July 6, 2012, [Appellant] filed a timely *pro se* petition pursuant to the [PCRA.] Counsel was appointed to represent him and counsel eventually filed a no-merit letter and a motion to withdraw. [The trial court] sent [Appellant] a Pa.R.[Crim.P.] 907 notice of its intent to dismiss [Appellant's] petition without a hearing. Following receipt of [Appellant's] responses to the 907 notice as well as several supplemental *pro se* PCRA petition, [the trial court] denied [Appellant] PCRA relief on November [2]6, 2013 and granted counsel's petition to withdraw.

PCRA Court Opinion, 1/27/14, at 2.

On appeal,[2] Appellant raises six arguments for our review:[3]

_____

[1] "Appellant was sentenced to life imprisonment for the first-degree murder charge and two and one-half to five years respectively on the two weapons offenses." Trial Court Opinion, 9/28/10, at 1.

[2] "In PCRA proceedings, an appellate court's scope of review is limited by the PCRA's parameters; since most PCRA appeals involve mixed questions of fact and law, the standard of review is whether the PCRA court's findings are supported by the record and free of legal error." ***Commonwealth v. Pitts***, 981 A.2d 875, 878 (Pa. 2009) (citations omitted).

[3] To the extent Appellant argues that his PCRA counsel rendered ineffective assistance or the PCRA court erred in dismissing his petition under Rule 907, we reject as waived such arguments. Appellant failed to raise these arguments in his Pa.R.A.P. 1925(b) statement or in the question presented section of his brief as required under Pa.R.A.P. 2116(a). ***See Commonwealth v. Hill***, 16 A.3d 484, 494 (Pa. 2011) ("Our jurisprudence
*(Footnote Continued Next Page)*

[1.] Whether [Appellant] was entitled to post conviction collateral relief in the form of a new trial as an [sic] result of being denied an [sic] fair and impartial trial when the prosecutor impermissibly urged the jury to find guilt during closing arguments based upon his silence at arrest in violation of the Fifth Amendment right privilege [sic] guaranteed by the U.S. Constitution.

[2.] Whether [Appellant] was entitled to post conviction collateral relief in the form of a new trial as an [sic] result of the trial court judicial abused [sic] of its discretion when it overruled trial counsel's objection to the prosecutor improperly [sic] reference to [Appellant] pre-arrest silence during closing argument.

[3.] Whether [Appellant] was entitled to post conviction collateral relief in the form of a new trial as an [sic] result of post trial and direct appellate counsel's ineffectiveness for not raising the claim of prosecutorial misconduct when prosecutor urged jury to find guilt based on [Appellant's] pre-arrest silence.

[4.] Whether [Appellant] was entitled to post conviction collateral relief in the form of a new trial as an [sic] result of being denied effective assistance of counsel when he failed to request [sic] jury be instructed that other crime evidence were inadmissible evidence of proof that [Appellant] committed the offenses he was on trial for.[4]

[5.] Whether [Appellant] was entitled to post conviction collateral relief in the form of a new trial as an [sic] result of the trial court judicial abused [sic] its discretion when it denied [Appellant] his right to an [sic] lawyer of his choice in violation of the Sixth Amendment [to] the U.S. Constitution.

[6.] Whether [Appellant] was entitled to post conviction collateral relief in the form of a new trial as an [sic] result of being denied a fair trial when the prosecutor failed to disclose

_(Footnote Continued)_ ───────────────

is clear and well-settled, and firmly establishes that . . . any issues not raised in a Rule 1925(b) statement will be deemed waived[.]"); **Commonwealth v. Jannett**, 58 A.3d 818, 821 (Pa. Super. 2012) ("'No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby.'") (citation omitted).

[4] Appellant essentially argues that his trial counsel rendered ineffective assistance to the extent counsel failed to request a cautionary jury instruction relating to Appellant's past drug dealings. Appellant's Brief at 20. Interestingly, Appellant concedes in this brief that he was the one who, on direct examination, first referred to his "participation in the selling [sic] of drugs." **Id.**

prior to and/or during trial that [C]ommonwealth police witness was under federal investigation or indictment for corruption.

Appellant's Brief at 5-6.

After careful review of the parties' briefs, the record on appeal, and the relevant case law, we conclude that the PCRA court's 1925(a) opinion authored by the Honorable Jeffrey P. Minehart, thoroughly and adequately disposes of Appellant's issues on appeal. **See** PCRA Court 1925(a) Opinion, 1/27/14, at 5-11. Briefly, Judge Minehart dismissed Appellant's first two claims on the basis that they were addressed previously by this Court on direct review. **Id.** at 5-6. Judge Minehart dismissed Appellant's third claim because it was properly raised by his appellate counsel on direct appeal. **Id.** at 6. With respect to Appellant's fourth claim, Judge Minehart concluded that Appellant could not prove that he was prejudiced by the trial court's purported error. Additionally, Judge Minehart concluded that the testimony for which Appellant sought a cautionary jury instruction came from Appellant himself to offer exculpatory evidence in support of his alibi defense. **Id.** at 7. Judge Minehart determined Appellant's fifth claim lacked merit because it was waived insofar as Appellant could have raised it on direct appeal. **Id.** Finally, Judge Minehart concluded that the court properly dismissed Appellant's PCRA petition because Appellant was unable to establish every element of a **Brady**[5] violation, as alleged in his sixth claim. **Id.** at 9. We,

---

[5] **Brady v. Maryland**, 373 U.S. 83 (1963).

therefore, affirm the PCRA court's order dismissing Appellant's PCRA petition. We direct that a copy of the PCRA court's January 27, 2014 Rule 1925(a) opinion be attached to any future filings in this case.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/14/2014

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

COMMONWEALTH OF PENNSYLVANIA   :   PHILADELPHIA COUNTY
  :   COURT OF COMMON PLEAS

VS.    FILED   :   NO. CP-51-CR-0000942-2009

JAMES MILAS

CP-51-CR-0000942-2009 Comm. v. Milas, James
Opinion

7108863711

OPINION

Defendant, James Milas, was charged as of the above bill and term number with, *inter alia*, murder, generally, carrying a firearm on a public street, and possessing instruments of crime, generally. These charges stemmed from an incident that occurred on June 10, 2008, during which defendant shot and killed twenty-one year old Jalil Joyner-Clark after Joyner-Clark had gotten into some sort of altercation with defendant's sister.[1]

Defendant was tried by this Court and a jury in April of 2010 on the above charges. At the conclusion of the trial, the jury found defendant guilty of first-degree murder, and the two weapons offenses set forth above. Immediately following the recording of the verdicts, this Court imposed concurrent sentences of life imprisonment, two and one-half to five years and two and one-half to five years' incarceration on the murder and two weapons charges respectively.

Defendant appealed the judgment of sentence to the Superior Court, which on July 12, 2011, issued a memorandum and order affirming the judgment of sentence. Commonwealth v. James Milas, 2454 EDA 2010. On January 18, 2012, the

---

[1] For a more complete recitation of the facts, please see this Court's opinion dated September 28, 2010.

Pennsylvania Supreme Court denied defendant's petition for allowance of appeal. Commonwealth v. Milas, 489 EAL 2011.

On July 6, 2012, defendant filed a timely pro se petition pursuant to the Post-Conviction Relief Act. 42 Pa.C.S. § 9541 et. seq (PCRA). Counsel was appointed to represent him and counsel eventually filed a no-merit letter and a motion to withdraw. This Court sent defendant a Pa.R.A.P. 907 notice of its intent to dismiss defendant's petition without a hearing. Following receipt of defendant's responses to the 907 notice as well as several supplemental pro se PCRA petitions, this Court denied defendant PCRA relief on November 6, 2013and granted counsel's petition to withdraw. Defendant thereafter filed a notice of appeal and a requested Pa.R.A.P. 1925(b) statement.

## DISCUSSION

In his 1925(b) statement, the defendant raises the following claims:[2]

A. A new trial is warranted because the prosecutor impermissibly argued during his closing speech that the jury should find defendant guilty because he exercised his Fifth Amendment right to remain silent;

B. The trial court committed reversible error when it overruled trial counsel's objection to the improper reference to defendant's pre-arrest silence;

C. Post-sentence and appellate counsel were ineffective for failing to raise an issue claiming that the prosecutor impermissibly commented on appellant's pre-arrest silence during the prosecutor's closing speech;

D. Trial counsel was ineffective for failing to request that the jury be instructed that other crimes evidence introduced against defendant could not be used by the jury as to convict defendant of murder;

E. The trial court abused its discretion when it denied defendant's request to hire private counsel; and

---

[2] Defendant's claims have been rephrased for ease of review.

F. Defendant was denied a fair trial because the Commonwealth failed to disclose that a police officer involved in the case was under investigation by federal authorities either prior to or during defendant's trial.[3]

Before setting forth the reasons why this Court found defendant's claims lacking in merit this Court will set forth the various legal standards applicable to defendant's claims. In reviewing the propriety of a PCRA court's dismissal of a petition without a hearing, the reviewing court is limited to determining whether the court's findings are supported by the record and whether the order in question is free of legal error. Commonwealth v. Holmes, 905 A.2d 707, 509 (Pa. Super. 2006) citing Commonwealth v. Halley, 870 A.2d 795, 799 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. Commonwealth v. Carr, 768 A.2d 1164, 1166 (Pa. Super. 2001). A PCRA court may decline to hold a hearing on the petition if the petitioner's claims are patently frivolous and is without a trace of support either in the record or from other evidence. Commonwealth v. Jordan, 772 A.2d 1011, 1014 (Pa. Super. 2001). The reviewing court on appeal must examine each of the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and denying relief without an evidentiary hearing. Id. See also Commonwealth v. Hardcastle, 701 A.2d 541, 542 (Pa. 1997).

Pennsylvania law presumes counsel is effective and therefore, the burden is placed upon the defendant to prove otherwise. Commonwealth v. Brown, 767 A.2d 576, 581 (Pa. Super. 2001), citing Commonwealth v. Carpenter, 725 A.2d 154, 161 (Pa. 1999), citing Commonwealth v. Marshall, 633 A.2d 1100 (Pa. 1993); see also Commonwealth v.

---

[3] It is noted that many of these claims were raised pro se by defendant in responses to PCRA counsel's no-merit letter and receipt of this Court's 907 Notice.

Baker, 614 A.2d 663, 673 (Pa. 1992). Trial counsel has broad discretion in matters of trial strategy and the determination of what tactics to employ during litigation. Commonwealth v. Choi Chun Lam, 684 A.2d 153, 160 (Pa. Super. 1996). Furthermore, "[i]t is well established that failed trial tactics of defense counsel are not grounds for a new trial." Commonwealth v. Hall, 565 A.2d 144, 148 (Pa. 1989). Trial counsel will not be held ineffective if there was a reasonable strategic basis for his or her trial tactics. Commonwealth v. Pursell, 724 A.2d 293, 311 (Pa. 1999).

In order to establish that trial counsel's representation was deficient, a defendant must establish all of the following three elements, as set forth in Commonwealth v. Charles Pierce, 527 A.2d 973, 975-76 (Pa. 1987): (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice because of counsel's ineffectiveness. Commonwealth v. Chmiel, 30 A.3d 1111, 1127 (Pa. 2011), citing Commonwealth v. Dennis, 950 A.2d 945, 954 (Pa. 2008).

The threshold question in reviewing an ineffectiveness claim is whether the issue, argument, or tactic, which trial counsel failed to use at trial and which is the basis of the ineffectiveness claim, is of arguable merit. Commonwealth v. Balodis, 747 A.2d 341, 343 (Pa. 2000). If defendant can prove that the argument or tactic which trial counsel failed to use at trial is of arguable merit, then the "reasonable basis" test is applied to determine if the course of action chosen by trial counsel was designed to effectuate his or her client's interest. Id. With regard to the second element, defendant must prove that "an alternative [action or inaction] not chosen offered a potential for success substantially greater than the course actually pursued." Chmiel, 30 A.3d at 1127, citing

- 4 -

Commonwealth v. Williams, 899 A.2d 1060, 1064 (Pa. 2006) (alteration added). To establish prejudice, defendant must demonstrate that there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. Chmiel, 30 A.3d at 1127-28, citing Dennis, 950 A.2d at 954.

Further, "[i]f it is clear that if a defendant has not demonstrated that counsel's act or omission adversely affected the outcome of the proceedings, the claim may be dismissed on that basis alone and the court need not first determine whether the first and second prongs have been met." Commonwealth v. Rios, 920 A.2d 790, 799 (Pa. 2007), citing Commonwealth v. Albrecht, 720 A.2d 693, 701 (Pa. 1998). A PCRA proceeding requires a defendant to establish that counsel's ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." Rios, 920 A.2d at 799, citing Commonwealth v. Michael Pierce, supra, 786 A.2d 203, 221–22 (Pa. 2001); Commonwealth v. Kimball, 724 A.2d 326, 333 (Pa. 1999).

Applying the foregoing standards to Claim A raised by defendant, it is clear that it was properly dismissed. The claim arises out of comments the prosecutor made during his closing speech wherein he argued essentially that defendant's flight upon being confronted by police evidenced consciousness of guilt. See N.T. 4/15/10, 133-134. On direct appeal, defendant challenged the propriety of these same comments and alleged, *inter alia*, that the comments impermissibly referred to his right to remain silent. The three-judge panel that affirmed the judgment of sentence held that the comments were not improper. See Superior Court's Memorandum and Order dated July 12, 2011, pp. 6-9.

Thus, because this claim was previously litigated, the claim does not entitle defendant to relief and should be deemed lacking in merit.[4] See 42 Pa.C.S. §9744(a).

Issue B should be rejected because it was raised on direct appeal and found lacking in merit. Thus, pursuant to 42 Pa.C.S. §9744(a), the issue was previously litigated and cannot serve as a basis for the grant of post-conviction collateral relief.

Issue C entitles defendant to no relief because prior counsel did raise this issue on appeal. Thus, this Court did not err in finding that prior counsel was not ineffective.

Even if appellant counsel failed to raise the precise claim defendant now is raising in Claim C on direct appeal, it is submitted that the claim was properly dismissed because defendant failed to establish prejudice, i.e. that the outcome of the appeal would have been different had this precise claim been raised on appeal. At trial, the jury heard testimony that three witnesses identified defendant as the person who shot the victim. Thus, even if the prosecutor's comments could be interpreted as transgressing the rule prohibiting comments on pre-arrest silence, his conviction would not have been reversed and he would not have been granted a new trial. See Commonwealth v. Guess, 53 A.3d 895 (Pa. Super. 2012) (holding that claim that counsel was ineffective for failing to object to a comment implicating pre-arrest silence lacked merit where evidence of guilt was overwhelming).

With regard to Claim D, defendant should be denied appellate relief because he did not prove that he was prejudiced by trial counsel's purported error. As noted in the

---

[4] If it should be concluded that defendant's claim has not been previously litigated, no relief would be due him in any event because the claim could have been raised on direct appeal and was not. Thus, it was waived. See 42 Pa.C.S. §9744(b). In addition, it is further noted that if defendant's current claim is found to amount to a variation of the claim he raised on direct appeal, he still would not be entitled to relief because the law is clear that the fact that a petitioner presents a new argument or advances a new theory in support of a previously litigated issue will not circumvent the previous litigation bar of the Post Conviction Relief Act (PCRA). Commonwealth v. Burkett, 5 A.3d 1260, (Pa. Super. 2010).

- 6 -

discussion of Issue C, the evidence of defendant's guilt was overwhelming. Moreover, the testimony defendant contends required a cautionary instruction came from defendant himself and was offered as exculpatory evidence in support of his alibi defense and as a reason why he fled the residence when the police entered it, evidence which trial counsel emphasized during his closing speech. (N.T. 4/15/10, 60-62, 112-114). Thus, had the Court charged the jury about how it should consider defendant's admission that he possessed drugs, the outcome of the trial surely would not have been different. Moreover, it would have undermined defendant's defense.

Claim E should be found to have been properly deemed lacking in merit because the claim was waived. Defendant could have raised it on direct appeal but did not and thus, pursuant to 42 Pa.C.S. §9744(b), it should be deemed meritless.

Even if the issue had not been waived, defendant's claim was properly deemed lacking in merit. "The right to counsel is guaranteed by both the Sixth Amendment to the United States Constitution and by Article I, Section 9 of the Pennsylvania Constitution. . . [T]hese constitutional rights entitle an accused 'to choose at his own cost and expense any lawyer he may desire.'" Commonwealth v. Prysock, 972 A.2d 539, 542 (Pa. Super. 2009) (quoting Commonwealth v. McAleer, 748 A.2d 670, 673 (Pa. 2000)). "[H]owever . . . the constitutional right to counsel of one's choice is not absolute." Id. (citing Commonwealth v. Robinson, 364 A.2d 665, 674 & n.13 (Pa. 1976)). It "must be exercised at a reasonable time and in a reasonable manner." Commonwealth v. Thomas, 879 A.2d 246, 261 (Pa. Super. 2005) (citing Commonwealth v. Novak, 150 A.2d 102, 109 (Pa. 1959)).

Instantly, the record shows that after defendant stated that he was unhappy with

trial counsel, he asked this Court, "What about if my family want [sic] to buy me a lawyer? (N.T. 4/13/10, 8, 12). This Court advised him that to the extent that he was requesting a continuance to retain new counsel the request was untimely because defendant had almost two years to hire an attorney and now was requesting a change of counsel after the trial had commenced. (N.T. 4/13/10, 12). That ground alone was sufficient to deny defendant's request even apart from the fact that defendant did not state specifically that he had retained an attorney, or even that he was requesting a continuance to retain one. The Superior Court has "repeatedly condemned the practice of waiting until the day of trial to request a continuance for the purpose of obtaining a new attorney." Commonwealth v. Boettcher, 459 A.2d 806, 810 (Pa. Super. 1983) (citing Commonwealth v. Nicolella, 452 A.2d 1055, 1057 (Pa. Super. 1982)) (finding no prejudice in trial court's denial of a continuance request, where the defendant had counsel waited until the day of trial to request a continuance to obtain private counsel).

In addition, even had defendant retained an attorney this Court would not have committed an abuse of discretion by denying a request for a continuance because the jury had already been selected and sworn in. Commonwealth v. Carroll, 452 A.2d 260, 252-264 (Pa. Super. 1982) (holding that trial court did not commit abuse of discretion by denying request to retain counsel made after the jury had been selected, appellant had adequate time to retain counsel prior to trial, and the Commonwealth would be prejudiced by any delay caused by the entry of new counsel).

Accordingly, for all of the foregoing reasons, this Court's denial of defendant's penultimate issue should be affirmed.

The decision finding claim F did not entitle defendant to PCRA relief should be affirmed because defendant clearly failed to establish every element of a Brady violation. This claim arises out of the arrests of Officers James Venziale and Mark Williams in July of 2010 by federal authorities for their involvement in a scheme to rob drug dealers that was hatched on April 20, 2010. See http://m.lawofficer.com/article/news/philadelphia-officers-caught-h.

At trial, Officer Venziale testified that he and Officer Williams, his partner at the time, were directed to go to the scene of the crime. (N.T. 4/14/10, 69-71).[5] While there, a woman directed him to 5130 Marion Street. (N.T. 4/14/10, 77). Upon receiving this information, Officer Venziale, Officer Williams and other officers went to that location and knocked twice on the door, which was slightly ajar. (N.T. 4/14/10, 78-79). After Officer Venziale knocked on the door a second time Officer Williams pushed the door open at which time defendant, who was in the living room, ran up the steps and exited out a second floor window. (N.T. 4/14/10, 81). Officer Venziale apprehended defendant shortly thereafter as he attempted to gain entry into his mother's residence. (N.T. 4/14/10, 84-85).

In Commonwealth v. Roney, 79 A.3d 595 (Pa. 2013), the Pennsylvania Supreme Court set forth the standards of a claim alleging that the Commonwealth failed to provide exculpatory evidence to the defense. The Court stated:

> Under Brady [v. Maryland, 373 U.S. 83 (1063)] and subsequent decisional law, a prosecutor has an obligation to disclose all exculpatory information material to the guilt or punishment of an accused, including evidence of an impeachment nature. See, e.g., Commonwealth v. Hutchinson, 611 Pa. 280, 25 A.3d 277, 310 (2011). To

---

[5] Officer Williams did not testify during defendant's trial.

establish a Brady violation, an appellant must prove three
elements:

(1) the evidence at issue was favorable to the
accused, either because it is exculpatory or because it
impeaches; (2) the evidence was suppressed by the
prosecution, either willfully or inadvertently; and (3)
prejudice ensued.

Hutchinson, supra (citation omitted).

The burden rests with the appellant to "prove, by
reference to the record, that evidence was withheld or
suppressed by the prosecution." Id. (citation omitted). The
evidence at issue must have been "material evidence that
deprived the defendant of a fair trial." Id. (citation and
emphasis omitted). "Favorable evidence is material, and
constitutional error results from its suppression by the
government, if there is a reasonable probability that, had
the evidence been disclosed to the defense, the result of the
proceeding would have been different. A reasonable
probability is a probability sufficient to undermine
confidence in the outcome." Commonwealth v. Paddy, 609
Pa. 272, 15 A.3d 431, 450 (2011) (quoting Kyles v.
Whitley, 514 U.S. 419, 433, 115 S.Ct. 1555, 131 L.Ed.2d
490 (1995)).

Instantly, defendant failed to establish that the Commonwealth was aware of

Officer Venziale's criminal activity or that he was engaged in such activity when the

incident occurred or at any time prior to or during defendant's trial. That is because,

according to this Court's investigation, Officer Venziale did not engage in that activity

until after appellant's trial was completed. For this reason alone, this claim should be

deemed lacking in merit.

In addition, even if there was evidence showing that Officer Venziale was engaged

in such conduct at or about the time of the incident or prior to or during defendant's trial

and that the Commonwealth knew or should have been aware of it, defendant failed to

demonstrate that had the Commonwealth provided the defense with information that

Officer Venziale was involved in criminal activity and the defendant introduced it at trial

there is a reasonable probability that the outcome here would have been different. This is so because the evidence of appellant's guilt was overwhelming and defendant himself corroborated Officer Venziale's account of his encounter with him. See N.T. 4/15/10, 59-60.

Accordingly, for all of the foregoing reasons, this Court's denial of this claim should be affirmed.

## CONCLUSION

For all of the foregoing reasons, all of the defendant's assertions of error should be dismissed for the reasons stated and the order denying him PCRA relief should be affirmed.

By the Court,

Honorable Jeffrey P. Minehart

Date 1/27/14