**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Albert Michael JANNETT, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 5, 2012.

Filed Dec. 11, 2012.

William C. Penglase, Doylestown, for appellant.

David W. Heckler, District Attorney, Doylestown, for Commonwealth, appellee.

BEFORE: BOWES, J., ALLEN, J., and PLATT, J.*

OPINION BY PLATT, J.

Appellant, Albert Michael Jannett, appeals from the judgment of sentence imposed following his conviction of three counts of robbery, 18 Pa.C.S.A. § 3701(a)(1)(ii). We affirm.

Between February 4, 2011 and February 19, 2011, Appellant committed three bank robberies. In each, he entered a bank located in Bucks County, Pennsylvania and wrote a note on a deposit slip that he handed to a bank teller, indicating that he had a gun and the teller was not to activate any alarms or give him any marked bills. Appellant did not actually have a gun with him during any of the robberies. However, each time, the bank teller handed over cash, and Appellant left.

Following a non-jury trial, the court found Appellant guilty of three counts of robbery. On April 30, 2012, Appellant was sentenced to not less than ten nor more than twenty years' imprisonment on each count, to be served concurrently. Appellant's sentence included a mandatory minimum pursuant to 42 Pa.C.S.A. § 9714(a)(1) because this was his second crime of violence. This timely appeal followed.[1]

Appellant raises two issues for our review on appeal:

A. Did the trial court commit an error of law in finding the evidence presented at trial was sufficient to sustain a guilty verdict concerning the count of robbery, 18 Pa.C.S. § 3701(a)(1)(ii), levied against Appellant, where the legislature has recently enacted 18 Pa.C.S. § 3701(a)(1)(vi)?

B. Did the trial court commit an error of law in sentencing the Appellant pursuant to 42 PA.C.S. § 9714(a)(1), where the evidence presented at trial was insufficient to prove the Appellant guilty of a crime of violence as defined by the statute?

(Appellant's Brief, at 3).

Appellant argues that there was insufficient evidence presented to sustain his conviction under Section 3701(a)(1)(ii) because Appellant's criminal actions more closely corresponded to Section 3701(a)(1)(vi). (See id. at 11–16). When reviewing a claim challenging the sufficiency of the evidence, we apply the following standard:

[W]hether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder

---

* Retired Senior Judge assigned to the Superior Court.

1. Appellant filed a timely statement of matters complained of on appeal, pursuant to Pa. R.A.P. 1925(b), on May 31, 2012. The trial court filed a 1925(a) opinion on July 18, 2012.

to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Bullick,* 830 A.2d 998, 1000 (Pa.Super.2003) (quoting *Commonwealth v. Gooding,* 818 A.2d 546, 549 (Pa.Super.2003), *appeal denied,* 575 Pa. 691, 835 A.2d 709 (2003)).

■ Robbery is defined, in relevant part, as follows:

(1) A person is guilty of robbery if, in the course of committing a theft, he:

\* \* \*

(ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury;

\* \* \*

(vi) takes or removes the money of a financial institution without the permission of the financial institution[2] by making a demand of an employee of the financial instruction orally or in writing with the intent to deprive the financial institution thereof.

18 Pa.C.S.A. § 3701(a)(1)(ii), (vi). Robbery under subsection (ii) is a felony of the first degree; robbery under subsection (vi) is a felony of the second degree. *Id.* at § 3701(b). Further, "[s]erious bodily injury" is defined as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S.A. § 2301.

Appellant argues that his crime should fall under Section 3701(a)(1)(vi) because that Section "mirrors the circumstances of the bank robberies committed by the Appellant." (Appellant's Brief, at 15).[3] We disagree. While Appellant is correct that his crimes may also satisfy the elements of Section 3701(a)(1)(vi), he offers no support for his assertion that if a defendant could be prosecuted under multiple subsections, that the defendant is entitled to proceed

**2.** "Financial institution" is defined as "a bank, trust company, savings trust, credit union or similar institution." 18 Pa.C.S.A. § 3701(a)(3).

**3.** Appellant also argues that because his crime was committed unarmed, and therefore, none of the bank tellers actually saw a gun, it "most closely aligns with Section 3701(a)(1)(iv)." (Appellant's Brief, at 13). We find this claim to be waived. In his questions presented on appeal and his statement of matters complained of on appeal,

Appellant did not raise any issue relating to Section 3701(a)(1)(iv). (*See id.* at 3; Statement of Matters Complained of on Appeal, 5/31/12, at 1); *see also* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."); Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby.").

under a lesser charge or the subsection that "most closely aligns" with his crime. (*Id.* at 13).

The Legislature recently added Section 3701(a)(1)(vi) to the robbery statute, effective May 15, 2010. This created a lesser included offense; however, the Legislature did not amend or delete the previous forms of robbery, including Section 3701(a)(1)(ii). As the trial court explained:

> This [c]ourt declined to adopt defense counsel's position [that Section 3701(a)(1)(vi) was enacted to govern situations like Appellant's], as the plain meaning of subsection (ii) was clear, still in effect, and had been proved beyond a reasonable doubt. There was no indication that the Legislature intended for subsection (vi) to displace subsection (ii) in cases in which facts proving a first-degree felony had been clearly established but had taken place in a financial institution. Th[e trial court] found such a statutory construction to be illogical and undesirable, as under this theory, passing a note stating "I have a gun—give me money" to a bank teller would be a lesser-grade felony than passing the same note to a liquor store clerk or convenience store cashier. Th[e trial c]ourt concluded that it could not have been the Legislature's intent to put less value on the life of a bank teller than that of a liquor store clerk, and therefore Appellant could still be convicted under subsection (ii).

(Trial Court Opinion, 7/18/12, at 5). We agree with the trial court that the Legislature could not have intended to create a disparity in the severity of the crime based on the type of establishment robbed.

> Further,
>
> It will be presumed that the legislature, in enacting a statute, acted with full knowledge of existing statutes relating to the same subject; and where

express terms of repeal are not used, the presumption is always against an intention to repeal an earlier statute, unless there is such inconsistency or repugnancy between the statutes as to preclude the presumption, or the latter statute revises the whole subject matter of the former.

*Commonwealth v. Milano,* 300 Pa.Super. 251, 446 A.2d 325, 327 (1982) (citing *Kingston Borough v. Kalanosky,* 155 Pa.Super. 424, 38 A.2d 393, 394 (1944)); *see* 1 Pa. C.S.A. § 1971.

Here, there is clearly no express term repealing Section 3701(a)(1)(ii). Further, the addition of Section 3701(a)(1)(vi) does not "revise[ ] the whole subject matter of" the robbery statute, as the Legislature merely added an additional subsection. *Milano, supra* at 327. Finally, we agree with the trial court that the two subsections of the robbery statute are not inconsistent with one another. (*See* Trial Ct. Op., 7/18/12, at 5). The two subsections are comprised of different elements. Section 3701(a)(1)(ii) requires that, to be convicted, an individual must have "threaten[ed] another with or intentionally put[ ] him in fear of immediate serious bodily injury." 18 Pa.C.S.A. § 3701(a)(1)(ii). In contrast, Section 3701(a)(1)(vi) does not require any threat or fear of serious bodily injury; rather, the robbery must take place at a financial institution. *Id.* at § 3701(a)(1)(vi). Thus, the subsections have distinct aims and are not inconsistent with one another. We find no error in the trial court's decision to proceed under Section 3701(a)(1)(ii) rather than Section 3701(a)(1)(vi).

Moreover, we find that there was sufficient evidence presented at trial to satisfy the elements of Section 3701(a)(1)(ii). The evidence is sufficient to convict a defendant of robbery under this section "if the evidence demonstrates aggressive actions

that threatened the victim's safety." *Commonwealth v. Hansley*, 24 A.3d 410, 416 (Pa.Super.2011), *appeal denied*, 613 Pa. 642, 32 A.3d 1275 (2011). The court must focus "on the nature of the threat posed by an assailant and whether he reasonably placed a victim in fear of immediate serious bodily injury." *Id.* (citations omitted). Additionally, this Court has held that the threat need not be verbal. *Id.*

At trial, the Commonwealth presented evidence that Appellant walked into three separate banks, handed the tellers notes demanding money and stating he had a gun, and that he received cash from each bank. (*See* Trial Ct. Op., 7/18/12, at 1). The teller Appellant approached in the first bank testified that he thought Appellant "might really have a gun" and he wanted to "get him out as soon as possible." (N.T., 1/04/12, at 40). He testified that he was afraid for his safety and for the safety of others in the bank and that he "didn't want to die that day of a shot." (*Id.* at 41; *see also id.* at 40–41). The teller at the second bank testified that she tried to give Appellant what he wanted "to get him out." (*Id.* at 76). She stated that when she saw Appellant's note she was afraid Appellant would hurt her because he said he had a gun, and she worried about her "daughter not having" her. (*Id.* at 77). She also testified that during the robbery, she believed Appellant had a gun because of the threat contained in his note. (*Id.* at 78). The teller at the third bank Appellant robbed testified that Appellant's actions scared her and she was afraid that

Appellant "would shoot [her] or someone else in [her] branch." (*Id.* at 101).

Considering all the evidence presented, we find that the Commonwealth satisfied its burden of proving the elements of robbery under Section 3701(a)(1)(ii) beyond a reasonable doubt. *See Bullick, supra* at 1000; *see also Commonwealth v. Taylor*, 831 A.2d 661, 664 (Pa.Super.2003) (finding sufficient evidence to convict appellant under Section 3701(a)(1)(ii) where appellant put a hard object to store clerk's side and she testified she was scared he would kill her); *Commonwealth v. Hurd*, 268 Pa.Super. 24, 407 A.2d 418, 419–21 (1979) (finding sufficient evidence to convict appellant under Section 3701(a)(1)(ii) where appellant threatened store clerk with something in his pocket that he intended her to believe was a gun). There is no merit to Appellant's first claim.

Appellant's second issue on appeal is that the trial court erred when it imposed a mandatory minimum sentence under 42 Pa.C.S.A. § 9714(a)(1).[4] (Appellant's Brief, at 16). However, Appellant's claim is based on his belief that he should not have been convicted of robbery under Section 3701(a)(1)(ii). (*See id.* at 16–18). Because we have already found that argument to be without merit, Appellant's second claim on appeal necessarily also fails.

Judgment of sentence affirmed.

---

4. Section 9714 provides, in relevant part:

(1) Any person who is convicted in any court of this Commonwealth of a crime of violence shall, if at the time of the commission of the current offense the person had previously been convicted of a crime of violence, be sentenced to a minimum sentence of at least ten years of total confinement, notwithstanding any other provision of this title or other statute to the contrary. Upon a second conviction for a crime of violence, the court shall give the person oral and written notice of the penalties under this section for a third conviction for a crime of violence. Failure to provide such notice shall not render the offender ineligible to be sentenced under paragraph (2).

42 Pa.C.S.A. § 9714(a)(1).