J-S79010-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | | |
| v. | | |
| KYLE CANTRELL, | | |
| Appellant | | No. 2864 EDA 2013 |

Appeal from the Judgment of Sentence entered September 27, 2013,
In the Court of Common Pleas of Philadelphia County,
Criminal Division, at No(s): CP-51-CR-0002695-2012

BEFORE:  ALLEN, OLSON, and STRASSBURGER*, JJ.

MEMORANDUM BY ALLEN, J.:                   **FILED DECEMBER 16, 2014**

Kyle Cantrell ("Appellant") appeals from the judgment of sentence imposed after a jury convicted him of two counts of robbery and one count each of possession of a firearm by a prohibited person, possession of a firearm without a license, carrying a firearm on the public streets of Philadelphia, and possessing an instrument of crime.[1]  We affirm.

The trial court summarized the pertinent factual background as follows:

> At approximately 11:40 p.m. on December 27, 2011, the victim, John Uhl, met [Appellant] around 13th and Porter Streets in South Philadelphia to lend Appellant a "little bit of money."  As they were walking, [Appellant] warned the victim that he had a

_____

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(ii) and (iv), 6105(a)(1), 6106(a)(1), 6108, and 907.

_____

* Retired Senior Judge assigned to Superior Court.

gun and he ordered the victim to give him all of his money. The victim handed [Appellant] $910. [Appellant] fled but the victim chased him nonetheless. The victim reached [Appellant]. Brandishing the gun, [Appellant] ordered the victim to stop and walk away. [Appellant] threatened to shoot him and "fill him up with lead" if the victim did not walk away.

Calling 911 to report the robbery, the victim described [Appellant]. Police officers arrived at Shunk and Broad Streets, one block from the robbery, and spotted [Appellant]; one of the officers exited her vehicle, walking toward [Appellant,] who then fled. While in pursuit, the officer saw [Appellant] throw a gun into a concrete flower pot. Once [Appellant] was apprehended a few minutes later, the gun was recovered.

Other officers in the area came to the victim, and brought him to where [Appellant] was being detained. The victim positively identified [Appellant,] who was placed under arrest.

Trial Court Opinion, 6/30/14, at 3 (citations to notes of testimony omitted).

Appellant was charged with the aforementioned crimes. A jury trial commenced on June 25, 2013, at the conclusion of which the jury rendered its convictions.

Following a sentencing hearing on September 27, 2013, the trial court sentenced Appellant to a term of imprisonment of 7 to 14 years for robbery, followed by 5 to 10 years for possession of a firearm by a prohibited person, for a total of 12 to 24 years of imprisonment. Concurrent to the 12 to 24 year sentence, the trial court imposed sentences of 3½ to 7 years for possession of a firearm without a license, 1 to 2 years for carrying a firearm on the public streets of Philadelphia, and 1 to 2 years for possessing an instrument of crime. No post-sentence motions were filed. Appellant filed a

notice of appeal on October 1, 2013. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents four issues for our review:

1. Whether Appellant is entitled to an arrest of judgment because there was insufficient evidence to support his conviction of Robbery (F1) in this case since the Commonwealth failed to prove each and every element of the crime beyond a reasonable doubt, specifically, the Commonwealth failed to prove that the Appellant, during the course of a theft, inflicted serious bodily injury or threatened to inflict serious bodily injury on another where the alleged complainant stated that he had no recollection of the incident and the Commonwealth failed to present sufficient admissible evidence on the charge of Robbery (F1)?

2. Whether Appellant is entitled to an arrest of judgment because there was insufficient evidence to support Appellant's conviction of Robbery (F2) where the Commonwealth failed to prove each and every element of the crimes beyond a reasonable doubt, specifically, the Commonwealth failed to prove that the Appellant during the course of a theft, inflicted bodily injury upon another or threatened another with or intentionally put him in fear of immediate bodily injury where the alleged complainant stated that he had no recollection of the incident and the Commonwealth failed to present sufficient admissible evidence on the charge of Robbery (F2)?

3. Whether the evidence was insufficient as a matter of law to prove the crimes of possession of a firearm by a prohibited person, persons not to possess a firearm, carrying a firearm without a license and possessing an instrument of crime beyond a reasonable doubt where the alleged complainant stated he had no recollection of the events and the Commonwealth presented no sufficient admissible evidence that the gun recovered by the Philadelphia Police was ever possessed by Appellant?

4. Whether [A]ppellant is entitled to a new trial as the verdict was not supported by the greater weight of the evidence?

Appellant's Brief at 4-5.

Appellant's first two sufficiency claims pertaining to his robbery convictions are interrelated. Appellant's Brief at 10-15. Therefore, we address them together.

> Our standard when reviewing the sufficiency of the evidence is whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict-winner, are sufficient to establish all elements of the offense beyond a reasonable doubt. We may not weigh the evidence or substitute our judgment for that of the fact-finder. Additionally, the evidence at trial need not preclude every possibility of innocence, and the fact-finder is free to resolve any doubts regarding a defendant's guilt unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. When evaluating the credibility and weight of the evidence, the fact-finder is free to believe all, part or none of the evidence. For purposes of our review under these principles, we must review the entire record and consider all of the evidence introduced.

*Commonwealth v. Emler*, 903 A.2d 1273, 1276–77 (Pa. Super. 2006).

To sustain Appellant's conviction for robbery (serious bodily injury), the Commonwealth was required to prove that in the course of committing a theft, Appellant "threaten[ed] another with or intentionally put him in fear of immediate serious bodily injury." 18 Pa.C.S.A. § 3701(a)(1)(ii). "The evidence is sufficient to convict a defendant of robbery under this section if the evidence demonstrates aggressive actions that threatened the victim's safety. The court must focus on the nature of the threat posed by an assailant and whether he reasonably placed a victim in fear of immediate serious bodily injury. Additionally, this Court has held that the threat need

not be verbal." ***Commonwealth v. Jannett***, 58 A.3d 818, 822 (Pa. Super. 2012) (citations and internal quotations omitted). "Serious bodily injury" is defined as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S.A. § 2301.

To sustain a conviction for robbery (immediate bodily injury), the Commonwealth was required to demonstrate that in the course of committing a theft, Appellant "inflict[ed] bodily injury upon another or threaten[ed] another with or intentionally put[] him in fear of immediate bodily injury...." 18 Pa.C.S.A. § 3701(a)(1)(iv).

Appellant argues that at trial, the Commonwealth presented testimony that when Appellant initially encountered the victim and demanded his money, Appellant did not threaten the victim with a gun. Appellant's Brief at 10-13. Appellant asserts that only after the victim pursued Appellant did Appellant point the gun at him. Therefore, Appellant maintains that the threat with the gun occurred *after* the theft, and therefore the Commonwealth failed to demonstrate that Appellant threatened the victim or put him in fear of serious bodily injury or immediate bodily injury "in the course of committing a theft". Moreover, Appellant argues that his statement "I have a gun", which Appellant made before the victim handed over his money, did not constitute a "threat", and that any threatening actions by Appellant subsequent to obtaining the victim's money were

triggered by the victim's pursuit of Appellant. Accordingly, Appellant argues that because he did not threaten the victim "in the course of committing the theft", the evidence was insufficient to sustain his robbery convictions.

18 Pa.C.S.A. § 3701(a)(2) provides:

An act shall be deemed "in the course of committing a theft" if it occurs in an attempt to commit theft **or in flight after the attempt or commission**.

(emphasis added).

Thus, when Appellant fled with the victim's money, and the victim pursued him, Appellant's actions in pointing a gun at the victim occurred "in the course of committing the theft". The robbery was one continuous event, beginning when Appellant demanded the victim's money and fled with it, and continuing when the victim chased Appellant for approximately a block and a quarter; the theft ultimately culminated in Appellant pointing a gun at the victim and halting the victim's pursuit. N.T., 6/25/13, at 95-123. We therefore agree with the trial court that the evidence was sufficient to demonstrate that Appellant threatened the victim with a gun during the commission of a theft to support Appellant's robbery convictions.

In his third issue, with regard to Appellant's convictions for possession of a firearm by a prohibited person, possession of a firearm without a license, and possessing an instrument of crime, Appellant contends that the Commonwealth failed to present sufficient evidence to prove that he had possession of a firearm, and that the evidence was insufficient to support the

firearm convictions because at trial the victim claimed to have no recollection. Appellant's Brief at 14-15. We find no merit to this claim. As the trial court explained:

> The jury properly heard [the victim's] preliminary hearing testimony as substantive evidence in which [the victim] stated that [Appellant] took all $910 that the victim had on him, and then threatened him with a gun when the victim tried to get it back. Viewed in the light most favorable to the Commonwealth, the evidence overwhelmingly demonstrates that [Appellant] was guilty beyond a reasonable doubt.
>
> ***
>
> [Appellant] told the victim he had a gun, pulled it out and pointed it at [the victim] during the course of the robbery. Shortly thereafter, while fleeing from police, [Appellant] threw the gun into a flower pot. [Appellant] stipulated that he had been convicted of Possession with Intent to Deliver under 35 P.S. § 780-113(a)(1). [Appellant] also stipulated that he had no valid license to carry a firearm. Together, the evidence satisfied each of the elements on all three weapons charges.

Trial Court Opinion, 6/30/14, at 4, 5-6 (citations to notes of testimony omitted).

Although Appellant argues that the testimony of the Commonwealth's witnesses "so strained reason and credibility" that a jury could not have relied on it to support a guilty verdict, this challenge to the credibility of witnesses concerns the weight, not the sufficiency, of the evidence. Here, Appellant failed to preserve a weight of the evidence claim with the trial court at any time before sentencing or in a post-sentence motion as required by Pa.R.Crim.P. 607(a). **See Commonwealth v. Lofton**, 57 A.3d 1270, 1273 (Pa. Super. 2012) ("[A] weight of the evidence claim must be

preserved either in a post-sentence motion, by a written motion before sentencing, or orally prior to sentencing. Pa.R.Crim.P. 607. Failure to properly preserve the claim will result in waiver, even if the trial court addresses the issue in its opinion."). Accordingly, this claim is waived, and Appellant's fourth issue expressly challenging the weight of the evidence is also waived for failure to preserve it in a post-sentence motion.

For the foregoing reasons, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/16/2014