J. A01010/15

NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA    :     IN THE SUPERIOR COURT OF
                      :          PENNSYLVANIA
             v.          :
                      :
JAMES MILLER,             :         No. 2017 WDA 2013
                      :
         Appellant    :

Appeal from the Judgment of Sentence, July 1, 2013,
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CP-02-CR-0006742-2012

BEFORE:  FORD ELLIOTT, P.J.E., DONOHUE AND ALLEN, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED MAY 11, 2015**

James Miller appeals from the judgment of sentence of July 1, 2013, following his conviction of two counts of robbery.  We affirm.

The facts of this case have been aptly summarized by the trial court as follows:

> It was mid-afternoon on May 2, 2012 at the First Niagara Bank branch on Murray Avenue in the Squirrel Hill section of the City of Pittsburgh.  A man suddenly appears at the teller window.  It was a bit startling.  He is wearing a black jacket and is carrying a black satchel.  His overall appearance is "very intimidating" to the teller.  This person is 3 feet away.  A note is placed on the counter in front of the teller.  "Robbery.  Calm," is what the teller sees.  While the teller could not see this person's hands or any weapon, his impression was there may be "a gun."  The teller unlocked his money drawer and began to take money out.  He placed it on the counter.  The person took this collection of money and placed it in his satchel.  He did so with only one

> hand, leaving the other out of sight. It was not enough money. "More, More" is the command. The teller unlocked his 2nd drawer, removed the money inside it and placed this stack on the counter. The person grabbed this collection of bills, put it inside his satchel and left the bank. All total, [appellant] walked out with $2,461.

Trial court opinion, 3/27/14 at 3 (citations to the transcript omitted).

Following a jury trial held June 25-27, 2013, appellant was found guilty of two counts of robbery in violation of 18 Pa.C.S.A. § 3701(a)(1)(ii) and (vi). On July 1, 2013, appellant was sentenced to a mandatory minimum sentence of 10 to 20 years' incarceration on Count 1, robbery under Subsection (a)(1)(ii). Appellant was also ordered to make restitution of $2,461. There was no further penalty imposed at Count 2, robbery under Subsection (a)(1)(vi). Timely post-sentence motions were denied by operation of law on November 25, 2013. A timely notice of appeal was filed on December 20, 2013. On January 6, 2014, appellant was ordered to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P., Rule 1925(b), 42 Pa.C.S.A., by January 30, 2014. Appellant timely complied, and the trial court filed a Rule 1925(a) opinion.

Appellant has raised the following issues for this court's review:

> 1. WHETHER THE TRIAL COURT ERRED IN HOLDING THAT THE EVIDENCE PRESENTED AT TRIAL WAS SUFFICIENT TO SUPPORT THE GUILTY VERDICT AS TO ROBBERY UNDER 18 Pa.C.S. § 3701(a)(1)(ii)?
>
> 2. WHETHER THE TRIAL COURT ERRED IN HOLDING THAT THE GUILTY VERDICT AS TO

ROBBERY UNDER 18 Pa.C.S. § 3701(a)(1)(ii) WAS NOT AGAINST THE WEIGHT OF THE EVIDENCE?

3. WHETHER THE TRIAL COURT ERRED IN HOLDING THAT THE FACT OF THE DEFENDANT'S PRIOR CONVICTION, WHICH RESULTED IN A MANDATORY SENTENCE PURSUANT TO 42 Pa.C.S. § 9714, NEED NOT HAVE BEEN PRESENTED TO THE JURY?

Appellant's brief at 5.

When reviewing a claim challenging the sufficiency of the evidence, we apply the following standard:

[W]hether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced,

> is free to believe all, part or none of the evidence.
>
> ***Commonwealth v. Bullick***, 830 A.2d 998, 1000 (Pa.Super.2003) (quoting ***Commonwealth v. Gooding***, 818 A.2d 546, 549 (Pa.Super.2003), ***appeal denied***, 575 Pa. 691, 835 A.2d 709 (2003)).

***Commonwealth v. Jannett***, 58 A.3d 818, 819-820 (Pa.Super. 2012).

Robbery is defined, in relevant part, as follows:

(1)   A person is guilty of robbery if, in the course of committing a theft, he:

* * *

(ii)   threatens another with or intentionally puts him in fear of immediate serious bodily injury;

* * *

(vi)   takes or removes the money of a financial institution without the permission of the financial institution[Footnote 2] by making a demand of an employee of the financial instruction orally or in writing with the intent to deprive the financial institution thereof.

[Footnote 2] "Financial institution" is defined as "a bank, trust company, savings trust, credit union or similar institution." 18 Pa.C.S.A. § 3701(a)(3).

18 Pa.C.S.A. § 3701(a)(1)(ii), (vi).  Robbery under subsection (ii) is a felony of the first degree; robbery under subsection (vi) is a felony of the second degree.  ***Id.*** at § 3701(b).  Further, "[s]erious bodily injury" is defined as "[b]odily injury which creates a

substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S.A. § 2301.

*Id.* at 820.

The evidence is sufficient to convict a defendant of robbery under this section "if the evidence demonstrates aggressive actions that threatened the victim's safety." ***Commonwealth v. Hansley***, 24 A.3d 410, 416 (Pa.Super.2011), ***appeal denied***, 613 Pa. 642, 32 A.3d 1275 (2011). The court must focus "on the nature of the threat posed by an assailant and whether he reasonably placed a victim in fear of immediate serious bodily injury." ***Id.*** (citations omitted). Additionally, this Court has held that the threat need not be verbal. ***Id.***

*Id.* at 821-822.

Appellant argues that the testimony proved the bank teller, Earl Matthews ("Matthews"), was, in his words, "frightened"; however, the Commonwealth failed to prove that appellant threatened him with or intentionally placed him in fear of "immediate serious bodily injury," as required to sustain a conviction under 18 Pa.C.S.A. § 3701(a)(1)(ii). According to appellant, the only evidence adduced by the Commonwealth was that Matthews, who was physically separated from appellant by a barrier, subjectively felt threatened by appellant's actions. (Appellant's brief at 12.) Appellant did not brandish a weapon or verbally threaten Matthews with physical injury. The note said only that Matthews should remain calm. While Matthews testified that he thought appellant might have a gun because he could not see his hands, there was no evidence that appellant

was intentionally trying to give that impression, *e.g.*, by concealing his hand in a paper bag or making a gun-like gesture inside his coat pocket. Appellant gave no verbal indication he had a weapon of any kind.

Although this is a close case, we find **Commonwealth v. Swartz**, 484 A.2d 793 (Pa.Super. 1984), to be on point. The facts of **Swartz** are remarkably similar to the instant case:

> The uncontested and unimpeached evidence established the following facts. Appellant walked into a branch office of York Bank and Trust. He was wearing reflective sun glasses. Appellant went up to a teller, handed her a paper bag, and said "Fill the bag." He further said "Quick" and when the teller did so slowly, he told her "Faster." After an amount of money had been placed in the bag, appellant grabbed the bag and then departed. The teller stated she was "very scared" and frightened. Appellant never claimed to be armed, never *expressly* threatened the teller, and was not observed with a weapon or even his hand in his pocket.

*Id.* at 794 (emphasis in original). This court in **Swartz** found that the above evidence was sufficient to convict the appellant of robbery under Subsection (a)(1)(iv), inflicting bodily injury upon another or threatening another with or intentionally putting him in fear of immediate bodily injury. In so holding, we relied on case law interpreting Subsection (a)(1)(ii), including **Commonwealth v. Davis**, 459 A.2d 1267 (Pa.Super. 1983):

> The defendant in **Davis** was convicted under § 3701(a)(1)(ii) of robbing a pipe store which was open all night. He was observed entering the shop through a small window through which business was transacted. The defendant told an employee of the

shop to: "Get back, Get back." This court held that Davis' "mode of entry and his warnings . . . certainly were aggressive actions which implicitly carried with them a threat of imminent bodily harm . . . ." When applied to the facts at hand, **Davis** requires that we find that the current evidence showed beyond a reasonable doubt that appellant, contrary to his claim, intended to put the teller in fear. A sun-glassed individual, who approaches a bank teller with a paper bag and commands that the bag be filled with currency and exhibits extreme impatience with a teller creating an atmosphere of extreme tension, can be reasonably presumed to intend to inflict fear into the mind of the teller within the meaning of § 3701(a)(1)(iv).

**Swartz**, 484 A.2d at 794-795 (footnote omitted).

Matthews testified that appellant was "very intimidating in terms of his personal appearance." (Notes of testimony, 6/25-27/13 at 192.) Matthews explained why he was fearful of appellant: "Because of the intimidation, the look, the stare. I never had anyone that close up on me that quickly. It's kind of like you -- You're looking away, and then all of a sudden someone appears there." (**Id.** at 197.) "It was a definite scowl and mean look as if, We need to get this done and do it right now." (**Id.** at 206.) Matthews testified that he felt threatened by appellant's facial expression. (**Id.** at 210-211.) Matthews also testified that he thought appellant could have been armed. (**Id.** at 193.) Matthews explained that he could not see appellant's hands until he removed the money from the counter, and then appellant used only one hand. (**Id.** at 196.)

We determine this evidence was sufficient for the jury to find appellant guilty of robbery as a first-degree felony under Subsection (a)(1)(ii). While there was no actual threat or display of force, appellant's aggressive mannerisms, including quickly moving towards the bank counter, scowling at Matthews, and demanding "More, More," put Matthews in reasonable fear of immediate serious bodily injury. As in *Davis*, *supra*, appellant intentionally created "an atmosphere of extreme tension."

Appellant also argues that the facts of this case implicate Subsection (a)(1)(vi), robbery of a financial institution, not (a)(1)(ii). (Appellant's brief at 17.) According to appellant, allowing the jury verdict to stand would make Subsection (a)(1)(vi) superfluous because in virtually every situation where (a)(1)(vi) would apply, the defendant could be convicted under (a)(1)(ii) also. (*Id.*) Appellant argues that a victim's subjective reaction to a robbery should not be the sole distinguishing factor between a first-degree felony under (a)(1)(ii) and a second-degree felony under (a)(1)(vi). (*Id.*)

We addressed the identical argument in *Jannett*, *supra*, where the unarmed defendant handed a note to the bank teller, indicating that he had a gun and not to activate any alarms or give him any marked bills. *Jannett*, 58 A.3d at 819. The appellant argued that the facts of his case, where he was unarmed and merely passed a note to the bank teller, more closely corresponded to Subsection (a)(1)(vi). We rejected this argument, stating,

> While Appellant is correct that his crimes may also satisfy the elements of Section 3701(a)(1)(vi), he offers no support for his assertion that if a defendant could be prosecuted under multiple subsections, that the defendant is entitled to proceed under a lesser charge or the subsection that "most closely aligns" with his crime.

*Id.* at 820-821. We noted that Subsection (a)(1)(vi) was added to the robbery statute in May 2010; however, the Legislature did not amend or delete the previous forms of robbery, including Subsection (a)(1)(ii): "There was no indication that the Legislature intended for subsection (vi) to displace subsection (ii) in cases in which facts proving a first-degree felony had been clearly established but had taken place in a financial institution." *Id.* at 821 (quoting the trial court opinion, 7/18/12 at 5). Therefore, appellant could be convicted of both (a)(1)(ii) and (a)(1)(vi).

Next, appellant challenges the weight of the evidence to support his conviction. Again, appellant argues that there was no evidence that he displayed a weapon, was in possession of a weapon, made a physical or verbal threat, raised his voice, or intended to harm the bank teller. (Appellant's brief at 18.) Appellant states that he simply passed the teller a demand note instructing him to remain calm, took the money, and left the bank. (*Id.*)

Appellant's argument is really more in the nature of a sufficiency claim. Appellant basically rehashes his argument that Matthews' testimony was insufficient to make out all the elements of Section 3701(a)(1)(ii). As

discussed above, we determine that examining all the evidence, it was sufficient as a matter of law to sustain appellant's conviction of first-degree robbery. The jury obviously found Matthews' testimony to be credible. The trial court did not abuse its discretion in denying appellant's weight of the evidence claim.

Finally, appellant claims his sentence is illegal. Appellant was sentenced to a mandatory minimum sentence of 10-20 years pursuant to 42 Pa.C.S.A. § 9714(a)(1), Pennsylvania's "three strikes" law. Appellant had a prior conviction in Ohio for a "crime of violence" as that term is defined in Section 9714(g). According to appellant, **Alleyne v. United States**, 133 S.Ct. 2151 (U.S. 2013), demands that the alleged fact of appellant's prior conviction for a crime of violence be submitted to the jury and found beyond a reasonable doubt. (Appellant's brief at 21-22.) **Alleyne** held that the defendant's jury trial rights were infringed where the federal court applied a federal mandatory minimum statute for brandishing a firearm where the fact of brandishing was not presented to the jury or established beyond a reasonable doubt.

This court stated in **Commonwealth v. Watley**, 81 A.3d 108, 117 (Pa.Super. 2013) (**en banc**), **appeal denied**, 95 A.3d 277 (Pa. 2014) (emphasis added):

> The **Alleyne** decision, therefore, renders those Pennsylvania mandatory minimum sentencing statutes **that do not pertain to prior convictions**[Footnote 3] constitutionally infirm

insofar as they permit a judge to automatically increase a defendant's sentence based on a preponderance of the evidence standard.[Footnote 4]

[Footnote 3] The constitutionality of statutes permitting prior convictions to automatically increase a defendant's sentence beyond the statutory maximum absent a jury finding has been called in question based on a similar rationale discussed in ***Alleyne v. United States***, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). ***See Apprendi v. New Jersey***, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) (Thomas, J. concurring); ***Harris v. United States***, 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002) (Thomas, J. dissenting); ***Almendarez–Torres v. United States***, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) (Scalia, J. dissenting) (opining that where prior convictions result in a sentence that otherwise exceeds the statutory maximum a jury determination of the prior convictions is required); ***but see Commonwealth v. Aponte***, 579 Pa. 246, 855 A.2d 800 (2004). The precise issue has yet to be reconsidered by the United States Supreme Court following ***Apprendi***. ***See Alleyne***, ***supra*** at 2160 n. 1.

[Footnote 4] ***See e.g.***, 42 Pa.C.S. § 9712(c); 42 Pa.C.S. § 9712.1(c); 42 Pa.C.S. § 9713(c); 42 Pa.C.S. § 9718(c); 42 Pa.C.S. § 9719(b); 18 Pa.C.S. § 7508(b); 18 Pa.C.S. § 6317(b).

Here, appellant was convicted of a first-degree felony with a statutory maximum of 10 to 20 years' imprisonment. 18 Pa.C.S.A. § 1103(1).

Therefore, even with application of the three strikes statute, appellant's sentence did not exceed the otherwise available maximum penalty permitted by law. Furthermore, even if it did, **Almendarez-Torres** remains good law. There, the United States Supreme Court held that the fact of a prior conviction may be found by a judge at the time of sentencing, rather than the jury, even if the prior conviction results in an enhancement that increases the statutory maximum sentence. Therefore, we remain bound by existing case law, including this court's **en banc** decision in **Commonwealth v. Lane**, 941 A.2d 34 (Pa.Super. 2008) (**en banc**), **appeal denied**, 960 A.2d 837 (Pa. 2008), rejecting an **Apprendi**-based challenge to Section 9714.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/11/2015