J. S20030/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| SHAMIR SIMPKINS, | : | No. 742 EDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, February 5, 2016,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0013143-2014

BEFORE:  BOWES, J., OTT, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:  **FILED MAY 26, 2017**

Shamir Simpkins appeals from the judgment of sentence of February 5, 2016, following his conviction of robbery and related charges. Appellant challenges the sufficiency of the evidence to support the robbery charge.  After careful review, we affirm.

The trial court has summarized the facts of this case as follows:

> Omar Robbins-Morris testified that he was in the vicinity of North 16th and York Streets in Philadelphia, at about 9:50 AM on November 3, 2014, on his way to work.  As Robbins-Morris attempted to pass [appellant], who was standing on the sidewalk, [appellant] cut him off and would not let him by.  [Appellant] then swung at Robbins-Morris, striking him in the left rear of his head. Robbins-Morris put down his bag, and the confrontation escalated into an altercation, during which, [appellant] threw a trash can at Robbins-Morris, breaking his glasses.

As Robbins-Morris attempted to retrieve his bag, [appellant] grabbed the bag and threw it across the street. Robbins-Morris retrieved his bag and started walking down the street, as [appellant] followed him. Robbins-Morris went into a corner store, but [appellant] waited for him. At some point, [appellant] entered the store and told Robbins-Morris that if he just gave him the bag, [appellant] would leave him alone.

At some point [appellant] went into Robbins-Morris['] bag and took a calculator and headphones.

When police arrived on the scene, [appellant] was walking extremely close to an unidentified third person. When the officer stopped [appellant], he had to ask that person to step away.

Trial court opinion, 5/26/16 at 1-2 (citations to the transcript omitted).

Following a bench trial held on December 4, 2015, appellant was found guilty of robbery as a felony of the second degree, simple assault, and criminal mischief.[1] Appellant was found not guilty of terroristic threats and recklessly endangering another person. (Notes of testimony, 12/4/15 at 41.) On February 5, 2016, the trial court imposed a sentence of 3 years' probation for robbery, with no further penalty on the remaining counts. No post-sentence motions were filed; however, on March 4, 2016, appellant filed a timely notice of appeal. On April 4, 2016, appellant was ordered to file a concise statement of errors complained of on appeal within 21 days pursuant to Pa.R.A.P. 1925(b), and appellant timely complied on April 25, 2016. The trial court filed a Rule 1925(a) opinion on May 26, 2016.

---

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(iv), 2701(a), & 3304(a)(2), respectively.

Appellant has raised the following issue for this court's review: "Was not the evidence insufficient as a matter of law to sustain appellant's conviction for robbery where there was insufficient evidence that appellant's actions were taken in the course of committing a theft?" (Appellant's brief at 3.)[2]

> When reviewing a claim challenging the sufficiency of the evidence, we apply the following standard:
>
>> [W]hether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while

---

[2] An additional issue raised in appellant's Rule 1925(b) statement and addressed by the trial court in its Rule 1925(a) opinion, whether the trial court abused its discretion in overruling defense counsel's objections to allegedly leading questions, has been abandoned on appeal.

> passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.
>
> ***Commonwealth v. Bullick***, 830 A.2d 998, 1000 (Pa.Super. 2003) (quoting ***Commonwealth v. Gooding***, 818 A.2d 546, 549 (Pa.Super. 2003), ***appeal denied***, 575 Pa. 691, 835 A.2d 709 (2003)).

***Commonwealth v. Jannett***, 58 A.3d 818, 819-820 (Pa.Super. 2012).

Robbery is defined, in relevant part, as follows:

> **(a)    Offense defined.--**
>
>> (1)    A person is guilty of robbery if, in the course of committing a theft, he:
>>
>>> (iv)    inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury[.]

18 Pa.C.S.A. § 3701(a)(1)(iv).  "An act shall be deemed 'in the course of committing a theft' if it occurs in an attempt to commit theft or in flight after the attempt or commission."  18 Pa.C.S.A. § 3701(a)(2).

> To sustain a conviction of robbery, the Commonwealth must establish beyond a reasonable doubt that appellant, in the course of committing a theft, inflicted [] bodily injury upon Mr. [Robbins-Morris], or threatened him with or intentionally put him in fear of immediate [] bodily injury. 18 Pa.C.S.A. § 3701(a).  The element "in the course of committing a theft" is proven if the Commonwealth proves that the offense occurred during an attempt to commit theft or in flight after the attempt or commission.    18 Pa.C.S.A. § 3701(a)(2). An attempted theft is committed when a person, with intent to commit a theft, does any act

> which constitutes a substantial step toward commission of the theft. 18 Pa.C.S.A. § 9[01](a). A person commits a theft if he or she "unlawfully takes . . . movable property of another with intent to deprive him thereof." 18 Pa.C.S.A. § 3921(a). In light of these statutory definitions, the Commonwealth must prove beyond a reasonable doubt that appellant, with the intent to take property from [Robbins-Morris] and deprive [Robbins-Morris] of the property, took a substantial step toward those ends, and during the course of the act, inflicted [] bodily injury upon [Robbins-Morris].

*Commonwealth v. Ennis*, 574 A.2d 1116, 1119 (Pa.Super. 1990).

> "Often, intent cannot be proven directly but must be inferred from examination of the facts and circumstances of the case." *Commonwealth v. Pond*, 846 A.2d 699, 707 (Pa.Super. 2004) (citation omitted). Therefore, the Commonwealth is not required to provide direct proof of [the defendant]'s frame of mind. *Commonwealth v. Matthews*, 870 A.2d 924, 928-29 (Pa.Super. 2005) (*en banc*), *affirmed*, 589 Pa. 487, 909 A.2d 1254 (2006). Instead, the Commonwealth can demonstrate its case through circumstantial evidence. *Id.* We can look at the totality of the circumstances to determine if [the defendant]'s actions gave rise to a reasonable inference of the requisite *mens rea*. *Pond*, *supra*.

*Commonwealth v. Winger*, 957 A.2d 325, 329 (Pa.Super. 2008).

Appellant argues that the Commonwealth failed to prove he had the requisite intent to deprive Robbins-Morris of his belongings. Appellant concedes that the evidence was sufficient to prove simple assault and criminal mischief, but argues that he never attempted to take anything from Robbins-Morris. Rather, appellant suggests that the testimony indicated that he simply wanted to fight with Robbins-Morris. (Appellant's brief at 13.)

Robbins-Morris testified that he was walking down the street when appellant jumped him and struck him in the side of the head. (Notes of testimony, 12/4/15 at 9-10.) Robbins-Morris had never met appellant before that day. (*Id.* at 9.) Robbins-Morris testified that he "thought [appellant] was crazy or something." (*Id.* at 10.) After Robbins-Morris set his book bag down on the ground, appellant threw a trash can at him, breaking his glasses. (*Id.* at 10-11.)

During the altercation, Robbins-Morris went to retrieve his bag, at which point appellant grabbed it and threw it across the street. (*Id.*) Robbins-Morris testified that, "I'm just wondering why he attacked me. In the middle of the fight, I tried to grab my bag and go on my way to work. When I went to grab my bag, we started fighting again." (*Id.*) Eventually Robbins-Morris was able to break free from appellant and go get his bag, using passing vehicles as a buffer. (*Id.* at 11, 20.)

Appellant followed Robbins-Morris to a corner store. (*Id.* at 11-12.) Robbins-Morris went inside, but appellant was waiting outside for him. (*Id.* at 12.) Robbins-Morris testified that he "couldn't go anywhere." (*Id.*) His nose was bleeding and his glasses were broken. (*Id.* at 12-13, 24.) Robbins-Morris told people inside the store what happened and they called the police. (*Id.*) Appellant came into the store and told Robbins-Morris that if he gave him the book bag, appellant would leave him alone. (*Id.* at 12,

23-24, 27.) Robbins-Morris testified that, "I wasn't giving him my bag." (***Id.*** at 12.)

Robbins-Morris testified that later, he discovered that his headphones and a scientific calculator were missing. (***Id.*** at 15-16.) These items were never recovered. (***Id.***) Officer Roger McFadden, who arrested appellant, testified that appellant did not have anything on his person that belonged to Robbins-Morris. (***Id.*** at 31.) The unidentified male walking with appellant was excluded as a suspect. (***Id.*** at 31-32.)

The trial court found, sitting as fact-finder in this non-jury case, that appellant removed the headphones and calculator from Robbins-Morris' book bag. (Trial court opinion, 5/26/16 at 4.) However, Robbins-Morris conceded that the bag was already open when appellant threw it across the street and that the items could have flown out at that time:

> Q. But when he grabbed the bag, he threw it in the middle of the street?
>
> A. Yes.
>
> Q. As far as you know, that's how your items got broken?
>
> A. He did pull some stuff out [sic] the bag too.
>
> Q. He pulled it out when he was throwing it across the street?
>
> A. When he picked up the bag it was kind of open so, yes, he did throw my stuff.
>
> Q. When he picked up your bag, it was already a little bit – he didn't open it, right?

> A. Right.
>
> Q. So anything that came out of that happened while he was throwing the bag in the street?
>
> A. It could possibly be.
>
> Q. And after he threw the bag in the street, he started fighting you again?
>
> A. Yes.
>
> Q. He didn't go to the bag again, correct?
>
> A. No.

Notes of testimony, 12/4/15 at 19.

While the trial court's conclusion that appellant purposefully removed the headphones and calculator from Robbins-Morris' book bag does not appear to be supported by the evidence, appellant clearly deprived Robbins-Morris of his property. Appellant threw the book bag into the street out of Robbins-Morris' reach.

Robbins-Morris retrieved his bag from the street and walked down to the corner store, where he solicited help. (*Id.* at 11-12, 20-21.) Appellant followed Robbins-Morris to the corner store. (*Id.* at 11-12.) While Robbins-Morris waited inside the store for police to arrive, appellant lingered around outside, waiting for Robbins-Morris to come out. (*Id.* at 23.) Occasionally, appellant would enter the store and make comments such as, "[T]his is my corner store, you going to stay in there all day[?]" (*Id.*) According to Robbins-Morris' statement to police, "[Appellant] kept walking

by the door, looking inside, and waiting for me to come out." (***Id.***; Defense Exhibit D-1.)

Robbins-Morris testified that, "He told me if I just gave him my bag, he would leave me alone. I wasn't giving him my bag." (***Id.*** at 12; ***see also*** trial court opinion, 5/26/16 at 4 ("As Robbins-Morris attempted to get to safety, he recovered his bag and fled, pursued by [appellant] who barricaded him inside a corner store, demanding his bag as a condition to leave. These were not isolated events, but part of a continuum of force by [appellant], designed to separate the complainant from his belongings.").) In his statement to police, in response to the detective's question, "Did the male verbally threaten you?"; Robbins-Morris answered, "Yeah. When he said if I put my bookbag down and came out [of] the store, we could finish this." (Notes of testimony, 12/4/15 at 27; defense Exhibit D-1.)

We determine that the evidence adduced by the Commonwealth at trial was sufficient, as a matter of law, to prove that appellant had the intent to deprive Robbins-Morris of his property, whether or not he took the headphones and calculator. Issues of credibility are left to the trier of fact, and it is not this court's function to re-weigh the evidence on appeal.

Judgment of sentence affirmed.

J. S20030/17

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/26/2017