J-S42027-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID ARTHUR WILKINSON | : | |
| | : | |
| Appellant | : | No. 84 MDA 2018 |

Appeal from the Judgment of Sentence Entered December 27, 2017
In the Court of Common Pleas of Perry County Criminal Division at
No(s): CP-50-CR-0000507-2016

BEFORE: BOWES, J., McLAUGHLIN, J., and STRASSBURGER*, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED NOVEMBER 01, 2018**

David Arthur Wilkinson appeals from the judgment of sentence entered on December 27, 2017, following his jury trial convictions for robbery and simple assault.[1] We affirm.

At Wilkinson's trial, the Commonwealth presented the testimony of two clerks who were working at an "FBF" gas station and convenience store in Ickesburg, Saville Township, on September 9, 2016. One of the clerks, Kaylee Farner, who was 19 years old at the time of trial, testified that she was working behind the cashier stand when Wilkinson walked in, "grabbed [her] hand, and . . . asked [her] to get all the money out of the register." N.T., 10/30/17, at 22. In Wilkinson's other hand was an axe handle. *Id.* at 24. Farner testified

---

* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(ii) and 2701(a)(3), respectively.

that she was scared. *Id.* at 24, 34. The second clerk, Linda Shuman, who was 74 years old when she testified, came out from the back room of the store and saw Wilkinson holding Farner's wrist. *Id.* at 46. Wilkinson repeated, "I'm not going to hurt you guys. I just need all [of] the money out of the cash register." *Id.* at 23, 24, 37, 50. Shuman responded, "[Y]ou're not getting any money," and pressed the alarm button. *Id.* at 24, 47. Wilkinson panicked and left. *Id*. at 25, 47. Surveillance footage of the incident was played for the jury. *Id.* at 57-60.

Ronald Wakefield testified that Wilkinson was his houseguest on the date of the robbery, and that Wilkinson had asked Wakefield to drive him to the FBF in order to rob it. *Id.* at 74-75. Wakefield dropped Wilkinson off near a field 200 feet from the FBF station before the robbery, and picked him up in the same place 15 minutes later, when Wilkinson came running down the road. *Id.* at 75-78. He stated that Wilkinson had an axe handle with him. *Id.* at 76.

After the jury found Wilkinson guilty, the trial court sentenced Wilkinson to serve an aggregate of four and one-half to 12 years' incarceration. Wilkinson appealed, and raises the following issue:

> Whether or not the evidence introduced at trial was sufficient to prove beyond a reasonable doubt [that Wilkinson] had committed the acts of robbery and simple assault?

Wilkinson's Br. at 8.

Evidence is sufficient when it can establish each element of the charged offense beyond a reasonable doubt. *Commonwealth v. Chambers*, 188 A.3d

400, 409 (Pa. 2018). The Commonwealth may sustain its burden through the use of wholly circumstantial evidence, and we defer to the finder of fact, who is free to believe all, part, or none of the evidence, in matters of weight and credibility. **Commonwealth v. Hewlett**, 189 A.3d 1004, 1008 (Pa.Super. 2018). We review the trial evidence *de novo* and in the light most favorable to the Commonwealth, as the verdict winner. **Chambers**, 188 A.3d at 409.

Wilkinson first argues that the evidence is insufficient to sustain his robbery conviction because he did not threaten the store clerks or put them in fear of immediate serious bodily injury. A person is guilty of robbery under 18 Pa.C.S.A. § 3701(a)(1)(ii) if, "in the course of committing a theft," he or she "threatens another with or intentionally puts him in fear of immediate serious bodily injury."

A threat of harm need not be verbal. **Commonwealth v. Jannett**, 58 A.3d 818, 822 (Pa.Super. 2012). Nor does the intended victim need to be in a subjective state of fear, as we apply an objective standard. **Commonwealth v. Valentine**, 101 A.3d 801, 807 (Pa.Super. 2014). Rather, the focus is on "the nature of the threat posed by an assailant," and evidence is sufficient to sustain a conviction under Section 3701(a)(1)(ii) if it "demonstrates aggressive actions that threatened the victim's safety." **Jannett**, 58 A.3d at 821-22 (quoting **Commonwealth v. Hansley**, 24 A.3d 410, 416 (Pa.Super. 2011)).

For example, where a defendant holding a gun did not make explicit verbal threats to bar patrons, but waved them to the back of the room and required that they face the wall, we concluded that the defendant sent a non-verbal message that any patron who refused his orders would be shot. ***Commonwealth v. Gillard***, 850 A.2d 1273, 1276 (Pa.Super. 2004). Evidence is sufficient under Section 3701(a)(1)(ii) even where a robber does not make verbal threats or brandish a weapon, but bangs his fists on the bank counter and demands money from the teller. ***See Commonwealth v. Bragg***, 133 A.3d 328, 332 (Pa.Super. 2016); ***see also Commonwealth v. Davis***, 459 A.2d 1267, 1272 (Pa.Super. 1983) (affirming conviction where defendant entered store through a window, told the clerk to "get back," and removed money from the register; holding these were "aggressive actions which implicitly carried with them a threat of imminent bodily harm").

Wilkinson relies on Farner's testimony that Wilkinson never verbally threatened to hurt her or the other clerk, and that he never made any "aggressive moves," other than grabbing and holding her wrist. ***See*** N.T. at 36, 38, 39. According to Farner, Wilkinson even stated "I'm not going to hurt you guys." ***Id.*** at 23. Shuman similarly testified that Wilkinson did not make any threats or raise his voice during the encounter. ***Id.*** at 62.

However, the testimony also establishes that Wilkinson, while holding an axe handle, grabbed and held onto Farner's wrist, and demanded that she give him money from the store's cash register. These were objectively

aggressive actions that implied the threat of immediate serious bodily injury if Farner did not comply. We therefore hold that there was sufficient evidence to prove this element of robbery beyond a reasonable doubt.

Wilkinson also argues that there was insufficient evidence to prove beyond a reasonable doubt that he was the individual who committed the robbery and simple assault. Wilkinson points out that Farner's description of the robber's clothing varied between the night of the incident and the date of trial. Wilkinson also asserts that Farner's identification was unreliable, because she was unable to identify Wilkinson until a second photographic lineup.

This argument merits no relief. Wilkinson neglects to acknowledge the other identification evidence offered by the Commonwealth, including the testimony of Wakefield, who personally knew Wilkinson, and knew of his plan to rob the FBF that day, and assisted him as the getaway driver. The Commonwealth also presented Trooper Trisha Ann Campbell, who testified that she executed a search warrant for Wilkinson's clothing which resulted in the recovery of clothing that matched the robber in the surveillance video. *See* N.T. at 102-06. Through Trooper Campbell's testimony, the Commonwealth presented Wilkinson's clothing to the jury, who had watched the surveillance video. *Id.* Because of the additional evidence, the question of whether Farner's identification of Wilkinson as the robber was reliable goes to the weight, and not the sufficiency, of the evidence. *See Valentine*, 101 A.3d at 806 (stating that "[a]lthough common items of clothing and general

physical characteristics are usually insufficient to support a conviction, . . . [g]iven additional evidentiary circumstances, any indefiniteness and uncertainty in the identification testimony goes to its weight").[2]

Viewed in the light most favorable to the Commonwealth, the evidence was sufficient to prove that Wilkinson was the perpetrator of the crime, and that he threatened Farner with immediate serious bodily injury. We thus affirm Wilkinson's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/1/2018

---

[2] We note also that although Wilkinson claims that Farner's credibility is undermined because she did not identify Wilkinson in a first photo lineup, testimony indicated that Wilkinson's photo was likely not included in the first lineup that the police presented to Farner. **See** N.T. at 30-31, 39-40, 64, 97-101, 109-110.