J-S14036-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LEON L. IVERSON, | : | |
| | : | |
| Appellant | : | No. 671 MDA 2016 |

Appeal from the PCRA Order March 29, 2016
in the Court of Common Pleas of Lebanon County,
Criminal Division, at No(s): CP-38-CR-0001012-2012,
CP-38-CR-0001016-2012, CP-38-CR-0001018-2012

BEFORE:   GANTMAN, P.J., SHOGAN, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED JANUARY 11, 2018**

Leon L. Iverson (Appellant) appeals from the March 29, 2016 order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.   Also before us is a petition to withdraw filed by Appellant's counsel and a no-merit letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).   We grant counsel's petition to withdraw and affirm the order of the PCRA court.

A prior panel of this Court summarized the facts of Appellant's case as follows.

> On April 14, 2012, [Appellant] sold marijuana to Sergeant Brett Hopkins ("Sergeant Hopkins"), a member of the Lebanon County Drug Task Force who was working undercover, for ten dollars.  Following the transaction, [Appellant] provided Sergeant Hopkins with a phone number in the event that Sergeant Hopkins

*Retired Senior Judge assigned to the Superior Court.

wanted more drugs. Sergeant Hopkins told [Appellant] that he was looking for crack cocaine, after which [Appellant] instructed Sergeant Hopkins to call him. Sergeant Hopkins called [Appellant] and set up a meeting at which [Appellant] provided him with an item in exchange for fifty dollars. The item's size, color, appearance, and packaging were consistent with crack cocaine. The item was subsequently tested and determined to be benzocaine, a non-controlled substance.

On April 17, 2012, Sergeant Hopkins called [Appellant] and arranged to purchase marijuana. Upon meeting [Appellant], Sergeant Hopkins purchased two bags of marijuana in exchange for twenty dollars. [Appellant] was subsequently arrested.

*Commonwealth v. Iverson*, 100 A.3d 313 (Pa. Super. 2014) (unpublished memorandum) (citations omitted). Following a jury trial, Appellant was convicted of two counts of possession with intent to deliver a controlled substance, one count of possession with intent to deliver a non-controlled substance, and two counts of criminal use of a communication facility. On January 24, 2013, he was sentenced to an aggregate term of four to ten years of incarceration. On March 19, 2014, this Court affirmed Appellant's judgment of sentence. *Id.* Appellant did not file a petition for allowance of appeal with our Supreme Court.

On March 25, 2015, Appellant timely filed a *pro se* PCRA petition, which is the subject of this appeal. An attorney was appointed to represent Appellant, and soon thereafter, an amended petition was filed. On March 21, 2016, a hearing was held, after which the PCRA court issued an order dismissing Appellant's petition. Counsel timely filed a notice of appeal on

- 2 -

J-S14036-17

Appellant's behalf. On May 18, 2016, Appellant's counsel complied with the

PCRA court's order to file a concise statement pursuant to Pa.R.A.P. 1925.[1]

Appellant's counsel raises several issues within his **Turner**/**Finley** letter

that Appellant wants this Court to review.[2] **Turner**/**Finley** Letter at 3-9.

However, before we may address the potential merit of Appellant's claims, we

must determine if counsel has complied with the technical requirements of

**Turner** and **Finley**.

> … **Turner**/**Finley** counsel must review the case zealously.
> **Turner**/**Finley** counsel must then submit a "no-merit" letter to
> the trial court, or brief on appeal to this Court, detailing the nature
> and extent of counsel's diligent review of the case, listing the
> issues which the petitioner wants to have reviewed, explaining
> why and how those issues lack merit, and requesting permission
> to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the
> "no-merit" letter/brief; (2) a copy of counsel's petition to

---

[1] Simultaneously, PCRA counsel filed with the PCRA court a motion to withdraw as counsel and a no-merit letter. The PCRA court granted counsel's petition. Appellant *pro se* filed an appellate brief in this Court. Upon our initial review of the above-captioned matter, we determined that the PCRA court erred by permitting counsel to withdraw while Appellant's appeal was pending in this Court. **See Commonwealth v. Iverson**, 671 MDA 2016 (Pa. Super. filed May 16, 2017) (unpublished memorandum). Thus, we remanded this case and directed counsel to file either an advocate's brief or comply with the mandates of **Turner**/**Finley**. **Id.** A second remand was necessary after counsel's **Turner/Finley** letter and motion to withdraw revealed several deficiencies. We again directed counsel to supplement the materials filed to this Court. Counsel has complied and thus, this case is now ripe for disposition.

[2] Because Appellant's prior *pro se* brief was filed while he was still represented by counsel, we consider this brief to be a legal nullity, and therefore, we only consider the issues raised in counsel's **Turner**/**Finley** letter and Appellant's subsequent *pro se* response.

withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

If counsel fails to satisfy the foregoing technical prerequisites of **Turner/Finley**, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw. Upon doing so, the court will then take appropriate steps, such as directing counsel to file a proper **Turner**/**Finley** request or an advocate's brief.

However, where counsel submits a petition and no-merit letter that do satisfy the technical demands of **Turner**/**Finley**, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief. By contrast, if the claims appear to have merit, the court will deny counsel's request and grant relief, or at least instruct counsel to file an advocate's brief.

**Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super. 2007) (citations omitted).

We are satisfied that counsel has complied with the technical requirements of **Turner** and **Finley**. Therefore, we will consider the substantive issues contained in counsel's letter.

"Our standard of review of a [PCRA] court order granting or denying relief under the PCRA calls upon us to determine 'whether the determination of the PCRA court is supported by the evidence of record and is free of legal error.'" **Commonwealth v. Barndt**, 74 A.3d 185, 192 (Pa. Super. 2013) (quoting **Commonwealth v. Garcia**, 23 A.3d 1059, 1061 (Pa. Super. 2011)).

Appellant challenges the effectiveness of his trial and appellate counsel. Accordingly, we bear in mind the following. "It is well-established that counsel

is presumed effective, and the defendant bears the burden of proving ineffectiveness." **Commonwealth v. Martin**, 5 A.3d 177, 183 (Pa. 2010). To overcome this presumption, Appellant must show each of the following: "(1) the underlying substantive claim has arguable merit; (2) counsel whose effectiveness is being challenged did not have a reasonable basis for his or her actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance." **Id.** Appellant's claim will be denied if he fails to meet any one of these three prongs. **Id.**

With respect to trial counsel, Appellant claims counsel was ineffective for: (1) refusing to file a petition for writ of *habeas corpus* authored by Appellant at Appellant's preliminary hearing; (2) refusing to file a writ of *habeas corpus* after Appellant's *pro se* writ was rejected due to counsel's continued representation of Appellant; (3) refusing to withdraw as counsel despite Appellant's requests; and (4) failing to preserve properly issues on direct appeal. **Turner**/**Finley** Letter, 10/2/2017, at 4-9.

We address Appellant's first two ineffective-assistance-of-counsel claims together. Regarding counsel's refusal to submit a petition for writ of *habeas corpus* at Appellant's preliminary hearing, as correctly cited by PCRA counsel, a preliminary hearing is not the proper venue to submit a petition for writ of *habeas corpus*. **See** Pa.R.Crim.P. 108 ("A petition for writ of *habeas corpus* challenging the legality of the petitioner's detention or confinement in a criminal matter shall be filed with the clerk of courts of the judicial district in

which the order directing the petitioner's detention or confinement was entered.").

With respect to Appellant's continued requests that a petition for writ of *habeas corpus* be filed, PCRA counsel avers that "Appellant's perceived grounds for a petition for writ of *habeas corpus* were based on the fact that Appellant's trial counsel continued Appellant's preliminary hearing without consulting with Appellant, as well as the fact that his complaints were unsigned[.]" ***Turner*/*Finley*** Letter, 10/2/2017, at 4.

At Appellant's PCRA hearing, trial counsel Brian Deiderick, Esquire, testified as to why he refused to file Appellant's "nonsensical" petition. N.T., 3/21/2016, at 37. Specifically, Attorney Deiderick stated that the petition

> had no merit under the rules and basically it was not something which was worthy of wasting the [c]ourt's time with. In meeting with [Appellant], I attempted to explain the situation to him. He refused to listen. He wanted to have things done his way and essentially under the rules of professional conduct, the legal stewardship of the case is my responsibility. The writs or his petition for *habeas* [*corpus*] had no merit, no bearing on the case, and therefore, I did not file them.

***Id.***

Furthermore, the PCRA court determined that Appellant was not prejudiced by counsel's request for a continuance, nor was there any merit to Appellant's argument that he should be released from incarceration due to faulty complaints. PCRA Court Order, 3/29/2016, at 2-3. A review of the record confirms the PCRA court's findings.

First, while Attorney Deiderick did admit that a continuance was requested without Appellant's permission, Attorney Deiderick testified that the continuance request form permits "continuances [to] be sought at the request of the defendant or due to the unavailability of the counsel. [Attorney Deiderick] was unavailable, therefore, the continuance was sought." N.T., 3/21/2016, at 38. Attorney Deiderick explained that he nonetheless informed Appellant that he requested a continuance because he "had a preplanned vacation so [he] was not available and as a result, the matters were continued." *Id.* Counsel contends that because of his unavailability, there was a 28-day continuance. *Id.* at 39.

Although the PCRA court did not address this issue as it directly pertained to Appellant's request for *habeas corpus* relief, the court did find that Appellant

> produced no evidence that he suffered any prejudice at all as a result of this 28-day continuance. Moreover, the unavailability of counsel has always been recognized as a proper ground to grant a continuance. Nothing about Attorney Deiderick's request to continue the [p]reliminary [h]earing offends our sense of justice, nor does it afford [Appellant] any grounds for PCRA relief.

PCRA Court Order, 3/29/2016, at 3. Indeed, at the PCRA hearing, Appellant stated that he "felt prejudiced against" and that he "felt like [his] rights [were] violated[,]" but provided no further explanation on how he or his case were actually prejudiced by counsel's continuance. N.T., 3/21/2016, at 13. Furthermore, Appellant did not explain how counsel's requested continuance

would have afforded him *habeas corpus* relief if such a petition had been filed. Because Appellant has failed to meet his burden in proving that he was prejudiced by counsel's failure to file his requested petition on this basis, we agree with counsel that this claim lacks merit. ***See Commonwealth v. Fears***, 86 A.3d 795 at 804 (Pa. 2014) (noting that, if an ineffective assistance claim falls short under any element, the court need not consider other elements).

With respect to Appellant's second reason for seeking *habeas corpus* relief, both the PCRA court and PCRA counsel dispute Appellant's contention that the complaints filed in Appellant's case were unsigned. PCRA counsel noted that while it appears as though Appellant was given courtesy copies of the complaints before they were signed,

> [w]ithin Appellant's discovery packet are copies of the complaints in all three actions against him. All three complaints bear the signature of the affiants along with a date of April 17, 2012. Further, the complaints bear the signature of the issuing authority, magisterial district court number, date of April 17, 2012, and the seal of the magisterial district court.

***Turner***/***Finley*** Letter, 10/2/2017, at 3 (unnecessary capitalization omitted). ***See also*** PCRA Court Order, 3/29/2016, at 1 (unnumbered) ("Very shortly after charges were filed against [Appellant], he appeared before a Magisterial District Judge. At the time, he was given a courtesy copy of the criminal complaint that had not been signed. Even though the original criminal complaint was properly signed, [Appellant] developed a belief that charges

should be dismissed because his copy of the complaint had not been signed.") (unnecessary capitalization omitted). Furthermore, at the PCRA hearing, Attorney Deiderick testified that the trial court showed Appellant signed copies of the criminal complaints during pretrial proceedings. N.T. 3/21/2016, at 50.

Our review confirms the foregoing. Specifically, the certified record received by this Court contains, *inter alia*, signed criminal complaints for all three of the above-referenced docket numbers. **See** Criminal Complaint- Case 1016-12, 4/17/2012, at 3; Criminal Complaint- Case 1012-12, 4/17/2012, at 3; Criminal Complaint- Case 1018-12, 4/17/2012, at 3. Accordingly, because the grounds upon which Appellant sought *habeas corpus* relief are meritless, counsel could not have been deemed ineffective for his failure to file a petition on Appellant's behalf. **See Commonwealth v. Rega**, 933 A.2d 997, 1019 (Pa. 2007) ("Trial counsel will not be deemed ineffective for failing to pursue a meritless claim.").[3]

---

[3] Furthermore, to the extent Appellant argues that the PCRA court erred in failing to grant Appellant relief in the form of dismissing all charges against him because the complaints were not signed, we find that based on the foregoing, not only does this issue lack merit, but Appellant's claim challenging the validity of the charging documents was previously raised "in his [concise statement filed in his direct appeal] and the trial court addressed th[is] issue in its opinion dated April 18, 2013." **Turner**/**Finley** Letter, 10/2/2017, at 4. **See also** Concise Statement, 4/16/2013; Trial Court Opinion, 4/18/2013. As such, Appellant's claim is "both waived and not cognizable under the PCRA because it could have been raised on direct appeal." **Commonwealth v. Spotz**, 18 A.3d 244, 270 (Pa. 2011). Appellant's decision to abandon this issue after it was raised in his concise statement and addressed by the trial court forecloses Appellant from seeking relief at this juncture.

Next, Appellant avers that his trial counsel was ineffective because, despite Appellant's multiple requests, Attorney Deiderick refused to withdraw from representation. *Turner*/*Finley* Letter, 10/2/2017, at 6. PCRA counsel concisely set forth the following in support of why Appellant's claim lacks merit.

> According to the transcripts of the proceedings leading up to Appellant's trial, Appellant made it crystal clear that he was not happy with the representation of trial counsel. At a hearing on September 20, 2012, Appellant requested the trial court to appoint new counsel to replace trial counsel. The trial court denied Appellant's request. At that hearing, trial counsel indicated to the trial court that he would be filing a petition to withdraw his representation. Trial court responded by saying "It's not going to be granted." The trial court clearly stated that it would not be appointing new counsel to represent Appellant.
>
> Appellant then filed a *pro se* motion seeking removal of trial counsel and appointment of new counsel. A hearing was held on November 28, 2012[,] where the trial court reiterated Appellant's right to counsel[,] and reiterated that it would not be appointing a new attorney to replace trial counsel.
>
> On November 30, 2012, a [*Grazier*[4] h]earing was held. At the conclusion of said hearing, the court permitted Appellant to proceed *pro se* and appointed trial counsel as stand-by counsel.
>
> Throughout the pendency of Appellant's cases, he had ample opportunity to share with the trial court his reasoning for his displeasure with trial counsel. The trial court also stated multiple times and in no uncertain terms that trial counsel would not be excused from Appellant's cases and that it would not be appointing a new attorney to represent Appellant. For trial counsel to then be considered ineffective for failure to withdraw his representation is beyond comprehension. While trial counsel did not file a formal motion for withdrawal, he declared his intent

---

[4] *Commonwealth v. Grazier,* 713 A.2d 81 (Pa. 1998).

to do so on the record in open court and was told it would be denied. Therefore[,] it would have been futile for trial counsel to file such a motion. Ultimately Appellant was granted relief in part by the trial court removing trial counsel and appointing him as stand-by counsel. Furthermore, in the middle of his trial Appellant indicated to the court that he no longer wished to proceed *pro se* and wanted an attorney, albeit not trial counsel, to represent him for the remainder of the trial. Confronted with the choice of continuing *pro se* or represented by trial counsel, Appellant ultimately chose to proceed with trial counsel. The trial court re-appointed trial counsel as Appellant's attorney.

*Id.* at 6-8 (footnotes omitted). The record confirms PCRA counsel's summary of the events that transpired throughout Appellant's case concerning his displeasure with counsel. Although he did not file a formal motion, counsel informed the trial court that he intended to file a request to withdraw. However, Attorney Deiderick was told in no uncertain terms that such a motion would be denied. As such, not only does this issue lack arguable merit, based upon the foregoing, we conclude that Attorney Deiderick's actions were reasonable under the circumstances. Based on the trial court's directives, filing a motion to withdraw would have been futile. Thus, we agree with counsel that this claim is without merit.

Appellant also argues that trial counsel was ineffective for failing to preserve properly his sufficiency-of-the-evidence claim on direct appeal. *Turner*/*Finley* Letter, 10/2/2017, at 9. As evidence of this ineffectiveness, Appellant refers to this Court's memorandum, affirming his judgment of sentence on direct appeal because, *inter alia*, Appellant's sufficiency claim was

- 11 -

waived due to the lack of specificity in his concise statement.[5] ***Id.*** at 9. **See also *Iverson***, 100 A.3d 313 (Noting Appellant's concise statement "fails to specify the elements of the particular crimes allegedly not proven by the Commonwealth. Accordingly, we must deem the claim waived.") (citing Counselled Concise Statement, 4/16/2013).

At the PCRA hearing, Attorney Deiderick explained that following the conclusion of Appellant's trial and sentencing, despite counsel's trying to contact Appellant regarding his appeal, Appellant would not speak with him. N.T., 3/21/2016, at 59. Based upon Attorney Deiderick's interactions with Appellant, he understood that Appellant did not want to have contact with him because Appellant believed Attorney Deiderick was ineffective and Appellant desired to proceed *pro se.*[6] ***Id.***

In an effort to condense Appellant's *pro se* filings, because Attorney Deiderick could not reach Appellant, he opted to review Appellant's filings, and submitted a counselled concise statement "to preserve the record." ***Id.*** at 46.

---

[5] Additionally, Appellant argues that appellate counsel was likewise ineffective for failing to preserve his sufficiency claim. This claim is wholly without merit. As noted by PCRA counsel, and confirmed by the record, appellate counsel was not appointed to represent Appellant on appeal until **after** Appellant's concise statement was filed. ***Turner*/*Finley*** Letter, 10/2/2017, at 9; Order, 4/18/2013. As set forth in more detail *infra*, although appellate counsel did include a sufficiency claim within her brief to this Court during Appellant's direct appeal, this Court's determination that Appellant's claim was waived was due to the lack of specificity within the concise statement, not the appellate brief authored by counsel.

[6] Indeed, the record reflects that after sentencing, Appellant *pro se* filed both post-sentence motions and a concise statement.

- 12 -

Attorney Deiderick testified that it was his expectation that Appellant would discuss any amendments to his concise statement with his appellate counsel. ***Id.***

Without addressing the arguable merit of this claim, we find Attorney Deiderick's actions reasonable, given the lack of communication between Appellant and Attorney Deiderick. Furthermore, we reiterate that a petitioner must show that, "but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." ***Commonwealth v. Kimball***, 724 A.2d 326, 333 (Pa. 1999). In this case, even though this Court found Appellant's sufficiency claim waived, the panel nonetheless addressed this issue in a footnote, citing to the strong evidence presented at trial.

> Here, Sergeant Hopkins specifically identified [Appellant] as the person who possessed and delivered the marijuana and benzocaine. ***See*** N.T., 12/6/12, at 55–56, 59, 61, 68, 71; ***see also Commonwealth v. Jannett***, 58 A.3d 818, 829 (Pa. Super. 2012) (stating that "the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence") (citation omitted).

***Iverson***, 100 A.3d 313 (unpublished memorandum); ***see also*** PCRA Court Order, 3/29/2016, at 4-5 ("In this case an undercover police officer provided testimony that [Appellant] delivered drugs and [a] counterfeit drug to him. As the Superior Court noted in footnote 4 of its [d]ecision, the police officer's testimony alone was enough to satisfy the requirements regarding sufficiency

of [the] evidence."). Accordingly, because even a properly preserved sufficiency claim would have failed, Appellant cannot prove counsel's actions resulted in prejudice, and thus his claim is without merit.

Lastly, we address Appellant's *pro se* response to counsel's **Turner**/**Finley** letter, which is difficult to follow and incoherent at times. After a thorough review of his response, we deduce the following claims Appellant wishes this Court to review that were not raised in counsel's **Turner**/**Finley** letter: (1) ineffective assistance of PCRA counsel, and (2) ineffective assistance of appellate counsel for failing to challenge the legality of Appellant's sentence.[7] Appellant's *Pro Se* Response at 5-7.

With respect to his latter claim, Appellant provides no argument, case law, or facts to support his contention that his sentence is illegal. Indeed, Appellant's claim amounts to a bald assertion that appellate counsel was

---

[7] Additionally, Appellant's response includes a lengthy recitation of facts concerning an "on[going] investigation" involving the apparent misconduct of a detective who was once part of the Lebanon County Drug Task Force. Appellant's *Pro Se* Response at 7-8. It is unclear what Appellant purports to raise or how it directly affects his case, although we are cognizant that Appellant's charges stemmed from an undercover investigation conducted by the drug task force. The best this Court can discern is that Appellant is attempting to argue that based upon the aforementioned investigation, "the evidence of the affidavit of probable cause [] was insufficient to sustain the charges" upon which he was convicted. Because this claim could have been raised on direct appeal, Appellant is foreclosed from raising it at this time. **See** 42 Pa.C.S. § 9544(b) ("[A]n issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding.").

ineffective because she "did not challenge the sentence's legality or involve the truth-determining process." Appellant's *Pro Se* Response at 5.

Appellant received sentences for several convictions at three different docket numbers. Specifically, Appellant was sentenced to: two to four years' incarceration for possession with the intent to deliver a controlled substance and one to two years' incarceration for criminal use of a communication device at CP-38-CR-0001012-2012; one to four years' incarceration for possession to deliver a non-controlled substance and one to two years' incarceration for criminal use of a communication device at CP-38-CR-0001016-2012; and one to two years' incarceration for possession with the intent to deliver a controlled substance at CP-38-CR-0001018-2012.

The foregoing sentences all fall below the statutory maximum. Furthermore, while the record indicates a school zone enhancement was applied in case 1012-2012, we have held that unlike mandatory minimums, sentencing enhancements are not unconstitutional. *See Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1270 n.10 (Pa. Super. 2014) ("*Alleyne* [*v. United States*, 570 U.S. 99, (2013)] and *Apprendi* [*v. New Jersey*, 530 U.S. 466 (2000)] dealt with factors that either increased the mandatory minimum sentence or increased the prescribed sentencing range beyond the statutory maximum, respectively. Our case does not involve either situation; instead, we are dealing with a sentencing enhancement. If the enhancement applies, the sentencing court is required to raise the standard guideline range;

however, the court retains the discretion to sentence outside the guideline range. Therefore, neither of the situations addressed in **Alleyne** and **Apprendi** [is] implicated."). Accordingly, this issue is without merit.

Appellant's remaining claim is that PCRA counsel provided ineffective representation. Appellant's *Pro Se* Response at 5. Appellant's rambling argument leaves this Court without sufficient understanding of what purported errors were made by counsel throughout this PCRA process. The best we can discern is that Appellant requested that certain issues be raised in the amended PCRA petition and counsel failed to do so. In any event, Appellant's claims of PCRA counsel's ineffectiveness are not properly before this Court. **See Commonwealth v. Ford**, 44 A.3d 1190, 1200-01 (Pa. Super. 2012) (noting that "a majority of the Supreme Court agrees that issues of PCRA counsel effectiveness must be raised in a serial PCRA petition or in response to a notice of dismissal before the PCRA court[,]" and holding that "claims of PCRA counsel ineffectiveness cannot be raised for the first time after a notice of appeal has been taken from the underlying PCRA matter."); **Commonwealth v. Jette**, 23 A.3d 1032, 1044 n.14 (Pa. 2011) ("While difficult, the filing of a subsequent timely PCRA petition is possible, and in situations where an exception pursuant to § 9545(b)(1)(i-iii) can be established a second petition filed beyond the one-year time bar may be pursued.").

Thus, in light of the foregoing, because we agree with Appellant's counsel that none of the issues raised in the amended petition has merit, and because Appellant sets forth no claims in his *pro se* response which entitle him to relief from this Court, we affirm the order dismissing Appellant's PCRA petition and grant counsel' petition to withdraw.

Order affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/11/2018